## SELDEN v. EQUITABLE TRUST COMPANY.

A corporation whose business is confined to the investment of its capital in bonds secured by mortgage on real estate, and to the negotiation, sale, and guaranty of them, is not a bank or a banker within the meaning of sect. 3407 of the Revised Statutes.

ERROR to the Circuit Court of the United States for the District of Connecticut.

The facts are stated in the opinion of the court.

Argued by *Mr. Assistant Attorney-General Smith* for the plaintiff in error, and by *Mr. Augustus Brandegee* and *Mr. Jeremiah Halsey*, contra.

MR. JUSTICE STRONG delivered the opinion of the court.

The Equitable Trust Company is a corporation created by the laws of the State of Connecticut, and its principal office or place of business is at New Haven, in that State. Its " only business

has been and is the investing of its own capital in mortgage securities on real estate, and selling such mortgage securities with the company's guaranty. It does not collect or receive, nor has it ever collected or received, any deposit of money subject to be paid, or remitted on draft, check, or order ; nor does it re ceive deposits, issue notes, or make discounts of any description whatsoever, nor do any other business than above stated." In " investing said capital in mortgage securities on real estate as aforesaid, the manner adopted by the corporation has been and is as follows : To make loans thereof to individuals, taking from the borrower a bond, . . . and securing the payment of said bond by a mortgage deed of real estate, executed by the borrower in conformity with the laws of the State where such real estate is situated. To the negotiation, sale, and guaranty of such bonds this company is exclusively devoted, and it incurs no obligations except those arising from such guaranty." That such is the character of the company, and that such is the nature of its business, is stipulated of record; and the only question presented by the case is, whether a corporation doing such a business is a " banker " within the meaning of sect. 3407 of the Revised Statutes of the United States relative to internal revenue.

Clearly, the company is not a banker in the ordinary accep- tation of the word. But Congress has defined who shall be regarded as bankers, for the purposes of taxation under the revenue laws. Sect. 3407 of the Revised Statutes, p. 673, enacts that " every incorporated or other bank, and every per- son, firm, or company having a place of business where credits are opened by the deposit or collection of money or currency, subject to be paid, or remitted upon draft, check, or order, or where money is advanced or loaned on stocks, bonds, bullion, bills of exchange, or promissory notes, or where stocks, bonds, bullion, bills of exchange, or promissory notes are re- ceived for discount or for sale, shall be regarded as a bank or as a banker."

The statute describes three classes of artificial and of natural persons, distinguished by the nature of the business transacted by them, and declares that individuals embraced in either of the classes shall be considered bankers. The first class is com-

posed of t iose who have a place of business where credits are opened by the deposit or collection of money or currency, subject to be paid or remitted upon draft, check, or order. It is not claimed the company engaged in that branch of business, or that they are included in this first class. The agreed state of facts expressly repels any such claim.

The second class are those who have a place of business where money is advanced or loaned on stocks, bonds, bullion, bills of exchange, or promissory notes. It is contended on behalf of the plaintiff in error that the company is included in this class, because it advances or loans money on bonds. The case, however, states that all the loans the company makes are investments of its own capital in mortgage securities on real estate. It is true the bonds of the borrowers are taken with the mortgages, but the bonds are mere evidence of the debt. The money is advanced or loaned on the security of the real estate mortgaged, and not on the security of the bond. We think Congress, in the clause of the act we are now considering, intended reference to transactions entirely different from loans or advances made on the personal promise or undertaking of the borrower. The words used are not technical. They are, therefore, to be understood in their common and popular sense. Dwarris on Statutes, 573. And that, in common understanding, an advance or loan of money on stocks, bonds, bullion, bills of exchange, or promissory notes is an advance or loan where those species of property are pledged as collaterals, or are hypothecated to secure the return of the advance or the payment of the sum lent, is unquestionably true. It can be nothing else where the money is advanced or lent on stocks or bullion; and, by the statute, bonds, bills of exchange, and promissory notes are placed in the same catalogue with stocks and bullion. All of them are alike the subjects on which the advance or loan is made. It is a fair presumption, therefore, that Congress regarded an advance or loan on bonds as similar in its character to an advance or loan on stocks, involving in each case an hypothecation of the subject on which the advance is made. If not so, if it was intended to embrace loans generally, there was no necessity for introducing the qualifying words "on bonds, bills of exchange, or promissory notes." It was, however, not the lending,

but the method or mode of operation, which was in view.   If it was mere lending Congress had in contemplation, it is difficult to conceive of a reason why mortgages of real estate were not included with stocks, bonds, bullion, &c.   But it is a well-known common usage for banks to make advances or loans on the hypothecation or pledge of such property, though not upon the hypothecation or mortgage of real estate.   There was a reason, therefore, for omitting real estate from the catalogue of things upon which the advances or loans contemplated might be made. Advances on that are not within the ordinary business of a banker.   To us, therefore, it appears plain that it is the business of advancing or lending in the mode usual with bankers — that is, on collaterals or on the pledge of personal property — that, by the statute, is defined to be banking, within the intention of Congress, and that lending upon mortgages of real estate is not · intended.

The third class described by the statute comprises those who have a place of business where stocks, bonds, bullion, bills of exchange, or promissory notes are received for discount or for sale.   The language is not " where stocks, bonds, &c., are sold," or " are held for sale."   Surely Congress did not intend that corporations or persons who have a place of business where they sell their own stocks, bonds, bullion, bills, or notes should be regarded as bankers.   If they did, a vast proportion of the corporations and of the merchants and manufacturers of the country would be included.   But the language of the statute is, " where " such property is " received " " for discount or for sale."   The use of the word " received " is significant.   In no proper sense can it be understood that one receives his own stocks and bonds, or bills, or notes, for discount or for sale.   He receives the bonds, bills, or notes belonging to him as evidences of debt, though he may sell them afterwards.   Nobody would understand that to be banking business.   But when a corporation or natural person receives from another person, for discount, bills of exchange or promissory notes belonging to that other, he is acting as a banker; and when a customer brings bonds, bullion, or stocks for sale, and they are received for the purpose for which they are brought, that is, to be sold, the case is presented which we think was contemplated by the statute.   In

common understanding, he who receives goods for sale is one who receives them as an agent for a principal who is the owner. He is not one who buys and sells on his own account.

The Equitable Trust Company lent its own money, taking bonds and mortgages therefor. Those bonds it sold with a guaranty. It sold only its own property, not that received from other owners' for sale. Such a business, in our opinion, did not constitute the corporation a banker, as defined by the revenue laws.                          *Judgment affirmed.*