MIDDLESEX BANKING CO. v. EATON, Internal Revenue Collector.

(Circuit Court of Appeals, Second Circuit. April 11, 1916.)

No. 199.

INTERNAL REVENUE ⬤—9—EXCISE TAX ON CORPORATIONS—ASCERTAINMENT OF NET INCOME—"DEPOSIT."

A corporation was engaged in the business of selling to investors so-called debenture bonds and guaranteed real estate securities, the former of which were its own obligations, with interest coupons payable to bearer and underwritten by a trust company, with which it deposited as collateral security farm mortgages payable to itself, and bearing a higher rate of interest than the bonds, and the latter being obligations payable to itself, bearing its guaranty and secured by farm mortgages, to which were attached interest coupons at the rate agreed upon with the purchaser, the corporation retaining separate obligations of the mortgagor securing additional interest. The difference in the interest rates thus paid and received represented the gross profit of the corporation on those two classes of transactions. *Held* that though the corporation was chartered as a bank, yet, within Act Aug. 5, 1909, c. 6, § 38, par. 2, 36 Stat. 113 (Comp. St. 1913, § 6301), imposing an excise tax on corporations, to be computed on their net income, the interest paid on such obligations cannot be treated as interest paid on deposits which a banking company may, under such section, deduct from its gross income, the transaction in no way being a banking transaction.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⬤—9.

For other definitions, see Words and Phrases, First and Second Series, Deposit.]

In Error to the District Court of the United States for the District of Connecticut.

Action by the Middlesex Banking Company against Robert O. Eaton, Collector of Internal Revenue. There was a judgment for defendant (221 Fed. 86), and plaintiff brings error. Affirmed.

F. D. Haines, of Middletown, Conn., for plaintiff in error.

Thomas J. Spellacy, U. S. Atty., and F. A. Scott, Sp. Asst. U. S. Atty., both of Hartford, Conn., for defendant in error.

Before COXE, and WARD, Circuit Judges, and LEARNED HAND, District Judge.

WARD, Circuit Judge. This is an action at law by the plaintiff to recover of the defendant, United States Collector of Internal Revenue for the District of Connecticut, taxes paid by it under protest to him, assessed on its net income for the years 1909, 1910, 1911, and 1912 under section 38 of the Act of August 5, 1909. The case was tried before Judge Thomas without a jury, and he entered a judgment in favor of the defendant, to which this writ of error is taken.

The plaintiff was incorporated in 1872 as the Middlesex Trust Company under a charter giving it the franchises of a bank, trust company, and safe deposit company. In 1874 the power to receive fiduciary or trust funds and to act as guardian of the property of minors was repealed, and the power to take securities for loans authorized by the

charter and to sell and guarantee payment of the same was conferred. In 1875 the name was changed to the Middlesex Banking Company. In 1889 the charter was amended by repealing the power to act in a fiduciary capacity as a trust company and its powers were defined as follows:

"The corporation hereby created shall have power to receive on deposit or in custody for safe-keeping, bonds, plate, jewelry, stocks and other valuable property upon such terms and for such compensation as may be agreed upon by the said corporation and by the depositors of any such property aforesaid; to receive money on deposit and to allow and pay interest on said money, and to loan the same at interest; to borrow money and issue its obligations negotiable or otherwise therefor, in which obligations, if secured by first liens upon real estate worth at least double the face thereof, holders of trust funds may invest such funds."

This gives the company the powers of a safe deposit company, of a bank of deposit, and of a company to sell securities. Practically the whole of the business done by the plaintiff during the years in question was the sale of its own obligations, called debenture bonds, secured by mortgages on property in the South and West, deposited with the Columbia Trust Company as trustee for the bondholders and of the obligations of borrowers to the plaintiff secured by mortgages which accompanied by its own interest coupons for a less rate of interest than it receives from the borrowers, it guarantees as to both principal and interest and sells to purchasers. These latter are called guaranteed real estate securities.

Both these forms of securities the plaintiff sells throughout the East by means of agents and its profit in each case is represented by the difference between the rate of interest it receives from its Southern and Western borrowers and the interest which it pays to the Eastern purchasers of the obligations. The company's gross income for the four years in question was:

1909 ...........................................$401,846.31
1910 ........................................... 405,335.46
1911 ........................................... 364,663.72
1912 ........................................... 341,376.04

And it claims the right to deduct therefrom interest paid on its debenture bonds and guaranteed real estate securities as follows:

1909 ...........................................$240,819.47
1910 ........................................... 241,497.20
1911 ........................................... 220,777.51
1912 ........................................... 212,436.47

The theory is that the plaintiff is a bank or banking association, and that the interest in question is paid upon money deposited with it as such, and is deductible under the provisions of subdivision 3 of paragraph 2 of section 38 of the Act of 1909 (36 Stat. p. 112). Section 38 (sections 6300, 6301) reads:

"That every corporation, joint stock company or association, organized for profit and having a capital stock represented by shares, * * * now or hereafter organized under the laws of the United States or of any state or territory of the United States or under the acts of Congress applicable to Alaska or the District of Columbia * * * shall be subject to pay annually a special excise tax with respect to the carrying on or doing business

by such corporation, joint stock company or association, * * * equivalent to one per centum upon the entire net income over and above five thousand dollars received by it from all sources during such year, exclusive of amounts received by it as dividends upon stock of other corporations, joint stock companies or associations * * * subject to the tax hereby imposed. * * *

"Second. Such net income shall be ascertained by deducting from the gross amount of the income of such corporation, joint stock company or association, * * * received within the year from all sources (first) all the ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and properties; * * * (second) all losses actually sustained within the year and not compensated by insurance or otherwise; * * * (third) interest actually paid within the year on its bonded or other indebtedness not exceeding the paid-up capital stock of such corporation, joint stock company or association, * * * outstanding at the close of the year, and in the case of a bank, banking association or trust company, all interest actually paid by it within the year on deposits. * * * "

Without stopping to analyze the charter powers of the plaintiff and to determine whether it is or is not a bank or banking association and whether if so it has not also other and different powers, we think it perfectly clear that the interest in question is not interest upon money deposited with it, but is interest paid on its own obligations or on the obligations of others guaranteed by it, which it has sold to the investing public. The purchase price is no more money deposited with the plaintiff at interest than is money paid to a railroad company for the purchase of its bonds. The transaction is not a banking transaction at all like the giving of a passbook or a certificate of deposit to a depositor, but a business of selling securities to investors. Selden v. Equitable Trust Co., 94 U. S. 419, 24 L. Ed. 249. We attach no importance to the contention that, even if the foregoing be true, still the interest in question is deductible as an ordinary and necessary expense actually paid out of the income in the maintenance and operation of the business provided for under the first subdivision of paragraph 2, because the whole subject of the deduction of interest is specifically regulated in subdivision 3.

The judgment is affirmed.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes