# IN THE MATTER OF THE TRUST ESTATE OF IRENE II HOLLOWAY, DECEASED.

## No. 1588.

RESERVED QUESTIONS FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. R. J. O'BRIEN, JUDGE.

ARGUED FEBRUARY 10, 1925.          DECIDED MAY 1, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

TRUSTS—*accounting and settlement—compensation of trustees.*

The same rates of compensation secured to executors, administrators and guardians by R. L. 1925, s. 2544, are allowable to trustees in the absence of any contract to the contrary.

SAME—*same*—*same*.

> In a trust deed it was provided that the trustee was to receive certain compensation there specified for its services "as said trustee." One of the duties of the trustee was to pay the income from and after the death of the grantor "to the person or persons appointed or entitled to receive the same by the will of" the grantor. Referring expressly to this reserved power of appointment, the grantor in and by her will appointed the same corporation which was the trustee under the deed to receive the income upon certain trusts named in the will in favor of certain persons and other entities there named. *Held*, that the duty of the trustee under the deed to pay the income to those appointed by the will is complied with upon payment to the trustee under the will and does not require payment direct to the ultimate beneficiaries named in the will.

SAME—*classification*—*passive and active*—*merger of title*.

> Under the circumstances of this case a trust created by deed is held not to be purely passive and not to have been merged with a later trust created by the will of the grantor.

OPINION OF THE COURT BY PERRY, J.
(Peters, C. J., dissenting in part.)

By deed dated September 17, 1915, Irene Ii Holloway assigned to the Hawaiian Trust Company, Limited, an Hawaiian corporation, upon certain trusts, all of her shares of the capital stock of the John Ii Estate, Limited, an Hawaiian corporation, being five hundred shares of a total par value of fifty thousand dollars. The execution by Mrs. Holloway's sons, George Ii Brown and Francis Hyde Ii Brown, of similar deeds of trust of their shares of the capital stock of the John Ii Estate, Limited, to the Hawaiian Trust Company, Limited, was a part of the consideration inducing Mrs. Holloway to execute the first mentioned deed of trust. The following provisions were contained in Mrs. Holloway's deed: that the trust thereby created should continue in force until the death of the survivor of Mrs. Holloway and her two sons, unless revoked or terminated in accordance with the provisions of the deed; that the trust deed should not be

subject to revocation by Mrs. Holloway until the expiration of ten years from its date and should thereafter until the death of the survivor of the three persons named be subject to revocation or termination only by written notice to the Hawaiian Trust Company, Limited, by any two of the said three persons or by the survivor of them if only one is alive at the time and that in the event of any such revocation or termination or at the expiration of the term of the trust the trustee should reconvey the trust estate to Mrs. Holloway or to the person or persons entitled to receive the same under the provisions of the deed, free from any trust; that all of the net income of the trust estate should be paid to Mrs. Holloway during the term of her natural life; that if Mrs. Holloway should die prior to the termination of the trust, from and after her death the net income should be paid "to the person or persons appointed or entitled to receive the same by the will" of Mrs. Holloway or in the absence of a will "to the person or persons who would be entitled to receive the property" of Mrs. Holloway "if she should be intestate at the time of her death;" that on the termination of the trust whether at the death of Mrs. Holloway or later the principal of the trust estate should be transferred, conveyed or delivered "to the person or persons appointed or entitled to receive the same by the will" of Mrs. Holloway or in the absence of a will "to the person or persons who would be entitled to receive the property" of Mrs. Holloway "if she should die intestate at the time of the termination of the trust and in the same proportions;" that the trustee should "have power to manage, control and operate and join with other stockholders in managing, controlling and operating the business and property of the said John Ii Estate, Limited, and shall have and may exercise all the rights and powers of the owner of said capital stock and may do every

act and thing in the course of or in connection with said ownership, management, control and operation which it may deem necessary or advisable." The trustee was also given the right and power "in the exercise of its own discretion, but during the lifetime" of Mrs. Holloway "only after receiving her written request," to pledge or sell any portion or the whole of the capital stock of the John Ii Estate, Limited, so placed in trust but subject to the duty of first offering it to the two sons upon the same terms available to others and, subject to these limitations only, the trustee was authorized and empowered to mortgage, lease, sell and otherwise deal with any portion or the whole of the trust estate and to invest the proceeds in its discretion.

It was further provided in the deed that "the trustee shall receive as compensation as said trustee 2½% of the gross income of the trust estate and at the termination of the trust a sum equal to 2½% of the present par value of the capital stock hereby placed in trust;" that "the trustee shall make and present quarterly accounts" to Mrs. Holloway "and to any future beneficiaries hereunder, but shall not be required to file any accounts in any court, it being the wish and agreement of the parties hereto that recourse shall not be had to any court in handling the said trust estate unless absolutely necessary;" and that if the Hawaiian Trust Company, Limited, "shall at any time for any cause cease to be trustee under this deed of trust" Mrs. Holloway or after her death her sons or the survivor of them "shall have the right to appoint a successor * * * as trustee hereunder." The trust company accepted "the trust hereby created" and agreed "to perform the same upon the terms and conditions hereinabove set forth."

This trust deed and the two similar trust deeds executed by the sons assigned in trust in the aggregate two-

thirds of the capital stock of the John Ii Estate, Limited. The deeds of the two sons are still in full force and effect.

Mrs. Holloway died on August 26, 1922, leaving a will and two codicils. By her will she devised her home in Nuuanu Valley, Honolulu, her automobiles and other movable property used on or in connection with that home and all her household goods, furniture and effects to a grandson and bequeathed certain pieces of furniture to a person named. After devising and bequeathing all of the residue of the estate to the Hawaiian Trust Company, Limited, in trust the testatrix says in her will: "In the exercise of my power of appointment" under the deed of trust above referred to. "I hereby appoint the said Hawaiian Trust Company, Limited, for itself, its successors in trust and assigns forever, to receive the income and principal of my trust estate created by said deed of trust according to the terms and provisions thereof upon the following trusts:" (a) To pay stated sums to two individuals "each and every month during the term of" their natural lives; (b) to pay to a minor a stated sum "each and every month until he is twenty years old;" (c) to pay to each of two minors "at such times during her minority" such amounts not to exceed an aggregate named "as in the sole judgment of my trustee shall be necessary or advisable, for her maintenance, support and education;" (d) to set aside fifteen hundred dollars, in each of two cases, and to pay to each of two minors named "at such times during his minority such amounts of the principal and/or net income thereof as in the sole judgment of my trustee shall be necessary or advisable, for his maintenance, support and education;" (e) "out of the remaining net income derived from my said trust estate to make the following payments, the order of these payments and whether the same shall be made in installments or in total amounts to be in the

entire discretion of my trustee, but the right and title to each of these payments and bequests to vest at the time of my death but not to bear interest:" (1) payment of a stated sum to each of twelve persons named; (2) payment of a stated sum to each of five charities named; (3) payment to the Hawaiian Trust Company, Limited, of $10,000 for a certain institution known as The Hawaiian Foundation, to aid Lunalilo Home and other charities; (4) payment of $10,000 to the Queen's Hospital for the maintenance of a bed; and (5) payment of the sum of $30,000 to the son Francis.

The trustee was authorized to borrow if in its judgment it seemed best "for payment of such taxes and other expenses of and claims against my estate." It was further provided that "after completing the payments out of the income derived from my trust estate of all the sums hereinabove given or bequeathed under paragraph (i)," being the specific bequests to individuals and charities, "and paying any loan or loans incurred under or pursuant to the provisions of said paragraph (j), my trustee shall set aside out of my trust estate and invest sufficient sums in its judgment to provide for the payment of annuities or legacies hereinabove given or bequeathed under paragraphs (a), (b), (c), (d) and (e)," being the annuities above referred to, "and shall transfer and convey" free from trust the balance of the trust estate to the two sons or their issue and, as the annuities expire, to transfer and convey to the two sons or their issue an appropriate part of the sums invested and representing the expired annuity.

In the will it was further provided that "my said trustee and its successors in trust shall have power to sell at public or private sale, lease for terms not exceeding ten years, * * * convert, mortgage, hypothecate and otherwise deal in any manner with" all the trust

property, "with full powers with reference to the management thereof" and to invest and reinvest the proceeds. The testatrix named the Hawaiian Trust Company, Limited, executor of the will and directed "that no bond shall be required from it as said executor or said trustee."

The first codicil does not contain anything of materiality to the present case. The second codicil directs the trustee to pay to an individual named the sum of $1000 according to the terms and provisions of paragraphs (i) and (j) of the original will; modifies the provisions concerning the transfer and conveyance of the corpus so that one-half goes to the son George or his issue and the other half to the son Francis for life and after his death to his issue or to George or his issue; and devises the beach home at Kaalawai to the son Francis.

The original will was executed January 5, 1922, the first codicil January 6, 1922, and the second codicil April 10, 1922.

The will and codicils were duly admitted to probate and the Hawaiian Trust Company, Limited, was appointed executor and filed its final accounts and was discharged as such and delivered the property to the trustee under the will. Subsequently the Hawaiian Trust Company, Limited, as trustee under the will, and not as trustee under the deed, filed before a circuit judge at chambers its accounts for the period from October 2, 1922, to October 1, 1923, showing receipts of income amounting to $32,662.50, disbursements of $7,208.78 and a balance on hand of $25,453.72; and an inventory enumerating as property of the estate the following: (1) "Interest in five thousand shares of the capital stock of the John Ii Estate, Limited, subject to that certain deed of trust executed by Irene Ii Holloway in favor of Hawaiian Trust Company, Limited, dated September 17, 1915, and not recorded;" (2) household furniture at Waimea, Hawaii;

(3) 2.30 acres of land at Waimea, Hawaii, with the improvements thereon; and (4) 4.59 acres of land at Waimea, Hawaii, with the improvements thereon. These accounts were by the circuit judge referred to a master who in an "amended and supplemental report" suggested that the trust created by the deed "should have been properly terminated at the death" of Mrs. Holloway and recommended that the property covered by the deed of trust "be transferred to the testamentary trustee as well as all commissions deducted by the trustee from and after August 26, 1922, the latter as a refund to said testamentary trust estate and to be considered as income" and recommended that "the testamentary trustee be allowed a further commission to be based on the reported income plus the 2½% originally deducted" and that "the first trust estate be declared terminated as of August 26, A. D. 1922."

The circuit judge thereupon reserved the following questions for the consideration of this court:

"1. Did the trust created by the said deed of trust dated September 17, 1915, terminate as of August 26, 1922?

"2. Did the creation of the trust and assumption of duties by the Trustee of and under the trust created in said will make the trust created in said deed of trust dated September 17, 1915, a passive or dry trust?

"3. Has there been a merger of the legal and equitable estates in the Hawaiian Trust Company, Limited, in the trust created September 17, 1915, by virtue of and under the said trust deed appointing such entity trustee thereof and conveying to it the legal title of all the corpus thereof and the appointment under the said will of the same entity as the sole cestui que trust conveying to it the equitable title to all the corpus thereof?

"4. If it is held that the trust created by said deed

of trust is still active and there is no merger, is the trustee thereof disqualified to act as trustee by virtue of its appointment and acting as trustee in the trust created by the will, in which latter instrument the said trustee is appointed sole cestui que trust under the said deed of trust?

"5.  Should the trustee under the said deed of trust be entitled to the legal commission of 2½% on income mandatorily directed to be turned over to itself in its capacity as cestui que trust?

"6.  If answer to question No. 5 is in the affirmative, should the cestui que trust under the trust deed be entitled to another commission of 2½% upon turning the same income over to itself acting in another capacity as trustee under the trust created in the said will but involving the same corpus and the same income and such cestui que trust and trustee under the trust deed being the same entity as the trustee created under the said will?

"7.  Should one entity acting in two representative fiduciary capacities toward the same trust corpus be entitled to commission of 2½% in each capacity upon income derived from the same corpus when the duties of one capacity pertaining to such income only involve the ministerial duties of collecting and turning over to itself in another capacity such income, said duties being mandatory and not discretional?

"8.  If it is held that said trust created by said deed of trust has not been terminated and that the trustee thereunder is entitled to charge and withhold its said 2½% commission, should the amount of that commission be deducted from the commission allowed to the trustee under said will, that is from the usual commission allowed trustees on income received by them?"

No reason occurs to us for holding that the trust cre-

ated by the deed has terminated or ceased to become operative. By its own terms it was to continue in force until the death of the last survivor of Mrs. Holloway and her two sons unless earlier revoked or terminated within its own provisions. It was expressly stipulated that it was not subject to revocation until the expiration of ten years from its date. That period of ten years has not yet expired. There has been as yet no attempt to revoke the deed. Moreover, it was not a dry or passive trust that was reposed in the trustee under the deed and nothing has as yet happened to make it so. Extensive powers and duties were vested in and imposed upon the trustee, not the least of which is the power to manage the stock of the John Ii Estate, Limited,—a majority of the stock, it should be remembered, was transferred to the trustee by the three deeds of trust. Wide discretionary powers were vested in the trustee concerning the management and control of this stock and these powers continue even after the death of Mrs. Holloway. In the will no attempt is discernible to limit or supersede the powers or the duties of the trustee under the deed and no such attempt could have been successfully made, because of the restrictions in the deed as to the time and the manner of its revocation.

Nor is there any room for the application of the doctrine of merger. The Hawaiian Trust Company, Limited, as trustee under the will cannot in any correct sense be regarded as the holder of the equitable interest or estate in the property covered by the deed of trust. The language of the will is clear and unambiguous and shows that the Hawaiian Trust Company, Limited, was to receive the income and other property under the will in trust for other persons and entities who became and are the true beneficiaries and holders of the equitable interest. The doctrine of merger was devised merely as an

aid to the carrying out of the intention of the parties and is not to be applied when to do so would be to frustrate the intent of the parties. In this instance the trustee under the will must hold as trustee only in order to carry out the intent of the testatrix and the trustee under the deed in like manner must perform its duties as prescribed in that instrument in order to carry out the intent of the grantor.

In reality the only live issue which arises at this time upon the presentation of the accounts of the trustee under the will is as to the extent of the compensation to which the Hawaiian Trust Company, Limited, is entitled. And these other questions just referred to are passed upon only as incidental to this issue of the right to compensation.

Section 2544, R. L. 1925, provides that executors, administrators and guardians shall be allowed the following compensation: "Upon all moneys received representing the estate at the time of the institution of the trust, * * * two and one-half per centum; upon the final payment thereof or any part thereof, two and one-half per centum; * * * upon all moneys received in the nature of revenue or income of the estate, such as rents, interest and general profits, ten per centum for the first thousand dollars, seven per centum for the next four thousand dollars, and five per centum for all amounts over and above the first five thousand dollars." It is well settled in this jurisdiction that in the absence of contractual stipulations to the contrary trustees are by analogy entitled to receive the same commissions as executors, administrators and guardians are authorized to receive under this statute. It is clear, therefore, that the Hawaiian Trust Company, Limited, as trustee under the will is entitled to receive commissions upon the income received by it at the rate of ten, seven and five per cent.,

as provided in section 2544, unless it has by the acceptance of the deed of trust waived that right in whole or in part. There is certainly no express provision to that effect in the deed. That instrument is entirely silent as to what commissions the Hawaiian Trust Company, Limited, or any other the trustee under the will is to receive. Nor is any inference properly deducible from the language of the deed that the Hawaiian Trust Company, Limited, thereby has agreed to serve as trustee under the will without pay other than that named in the deed. The provision of the deed is that the 2½% commission therein provided for is to be received by the trustee "as compensation *as said trustee*," which necessarily means as trustee under the deed. It is true that one of the duties of the trustee under the deed is to pay the income after Mrs. Holloway's death "to the person or persons appointed or entitled to receive the same" by her will; but this duty of the trustee under the deed is performed and complied with when it pays that income to the trustee under the will. In express language too clear to be misunderstood and aptly used for the purpose Mrs. Holloway has said that the Hawaiian Trust Company, Limited, is the person appointed by her and entitled to receive the income as well as, later on, the principal from the trustee under the deed. She declares in the will that she so appoints the Hawaiian Trust Company, Limited, "in the exercise of my power of appointment" reserved in the deed of trust. Doubtless she could have made in her will provisions somewhat different in their effect but resulting in the payment of the same sums there named to the same beneficiaries and could have named those ultimate beneficiaries as the persons who were to receive directly from the trustee under the deed the legacies provided by her; but the method and the terms of the disposition of her property were matters to be determined by

Mrs. Holloway alone.   There is no charge in this case that the will was the result of any undue influence, misunderstanding, mistake or other fraud.   The presumption must be that Mrs. Holloway was well advised by her attorneys as to the different legal possibilities for the disposition of her property and that she deliberately chose the method of disposing of her property which is specified in the will.   It is not for this court to say that the method adopted was unnecessarily cumbersome, and it would have been competent for Mrs. Holloway to have overruled even that objection and to say that it was her choice.   It may well be that she contemplated the possibility of an early revocation of the deed of trust after her death.   It is possible under its terms for a legal revocation to be had next September and it may be that, so contemplating, she desired to be assured of the discretion and aid of a trustee in making the monthly and other allotments of money to the beneficiaries named in the will.

It is legally possible for the trustee under the will to continue to serve for many years,—it is required to serve at least until the minors there named reach the age of majority and it does not appear from the record what their present ages are.   It certainly was not contemplated by the parties to the deed that the Hawaiian Trust Company, Limited, should be required to serve without compensation as trustee under the will for many years after the termination of the trust created by the deed,—and such termination may, as already observed, legally occur next September.   There is no apt language in the deed to express any such intention. ·On the contrary it appears that the 2½% commission provided for by the deed is to be calculated upon "the gross income of the trust estate," which means the trust estate created by the deed.   After the termination of the trust under the deed there would

be no such trust estate and, therefore, there could be no further commissions thereafter. Again, the second $2\frac{1}{2}\%$ commission payable to the trustee under the deed is payable "at the termination of the trust," meaning the trust under the deed.

If it had been the intention of the parties to require the Hawaiian Trust Company, Limited, to serve after the termination of the trust created by the deed for many years as trustee under a will which had not yet been written and the complexity of whose provisions, powers and duties were as yet wholly unknown, the natural and ordinary thing would have been for the parties to have said so. It would have been a very simple matter to have inserted in the deed a provision to that effect. Nothing resembling such a provision appears in the deed.

If a person or entity other than the Hawaiian Trust Company, Limited, had been named as a trustee under the will, it would be entirely obvious that the right of the trustee under the will to compensation would not be in any wise affected by the provision in the deed concerning the commissions of the trustee under the deed; and it would have been entirely competent for Mrs. Holloway to have named some one other than the Hawaiian Trust Company, Limited, as the trustee under her will. The only inference deducible from the record is that after an experience of over six years with the Hawaiian Trust Company, Limited, as trustee under her deed of trust she was entirely satisfied with that corporation's administration of the trust and reposed great trust and confidence in it and that her own preference was that it should also be the trustee under the will even though it would thereby become entitled to further commissions as compensation for its services under the will.

Any argument to the effect that it was the duty of the trustee under the deed to pay the income and later

the principal to the *ultimate* beneficiaries named in the will would be answered by the fact that if it were so contemplated it must also have been contemplated by the parties that the trustee under the deed would be required to pay these ultimate beneficiaries *at the times* and *in the manner* prescribed by the will and would necessarily, for that purpose, be vested with all of the powers and duties which, with reference to the gifts to those ultimate beneficiaries, are set forth in the will. A conflict of powers and duties between the trustee under the deed, on the one hand, and the trustee under the will, on the other hand (in the event of the two trusts not being vested in the same person or other entity), might well follow and would almost necessarily result.   The two trustees might well differ honestly as to how to exercise their discretion upon the various matters which by the will are left to the discretion of the trustee. Which trustee would prevail?   The only answer must be that the testatrix says that these are powers and duties vested in the trustee named in the will and not in the trustee named in the deed.

Reserved questions numbered 1, 2, 3 and 4 are answered in the negative.   The answer to the remaining questions is that the Hawaiian Trust Company, Limited, is entitled to the commissions which it has charged on its present accounts, to wit, at the rate of ten, seven and five per cent. on the income, in addition to the 2½% which it received under the terms of the deed of trust.

R. B. Anderson (*Frear, Prosser, Anderson & Marx* and *A. E. Steadman* on the brief) for the trustee.

F. H. I. Brown and G. I. Brown, two of the beneficiaries, appeared but did not argue.

OPINION OF PETERS, C. J., CONCURRING IN PART
AND DISSENTING IN PART.

Irene Ii Holloway during her lifetime, to wit, on September 17, 1915, conveyed to the Hawaiian Trust Company, Limited, certain shares of the capital stock of the John Ii Estate, Limited, in trust among other things to pay all of the net income of the trust estate to the trustor during the term of her natural life and after her death to pay the same to the person or persons appointed or entitled to receive the same by her will. The trust deed is not revocable by the trustor until the expiration of ten years from the date thereof. It provided: "This trust deed shall not be subject to revocation by said Irene Ii Holloway until the expiration of ten years from the date hereof * * *." The compensation which the trustee was entitled to receive for its services as such was fixed by the trust deed. It provided: "The trustee shall receive as compensation as said trustee two and one-half per cent. (2½%) of the gross income of the trust estate and at the termination of the trust a sum equal to two and one-half per cent. (2½%) of the present par value of the capital stock hereby placed in trust." On January 5, 1922, she made her will. This she amended by two codicils dated January 6, 1922, and April 10, 1922, respectively. The testatrix died August 26, 1922. Her will and codicils were admitted to probate in the first circuit court on October 2, 1922, and letters testamentary issued to the Hawaiian Trust Company, Limited. The will and codicils after making certain specific bequests and devises devised and bequeathed all the rest, residue and remainder of the estate of the testatrix to the Hawaiian Trust Company, Limited, and in the exercise of the power of appointment reserved under the trust deed and by virtue of every other power her thereunto enabling the testatrix appointed the Hawaiian Trust Company, Limited, its successors in trust and assigns

forever to receive the income and principal of the trust estate created by said trust deed according to the terms and provisions thereof upon certain uses and trusts, the details of which I deem immaterial to the present issues.

Administration was duly had upon the estate of the decedent and distribution made to the Hawaiian Trust Company, Limited, as trustee. On May 20, 1924, the trust company as trustee under the will filed its first and annual account. By schedule "A" of the account the trustee debited itself with the sum of $32,662.50 as deposits "by trust created by Irene Ii Holloway" from October 2, 1922, to September 29, 1923. This sum represented the net income from the trust estate created by the trust deed after the deduction and retention by the Hawaiian Trust Company of 2½ per cent. of the gross income of the trust estate as compensation for its services rendered as trustee under the trust deed of September 17, 1915. By schedule "B" it credited itself with and prayed to be allowed commissions as trustee under the will upon the amount of such receipts computed on the basis of ten per cent. on the first thousand, seven per cent. on the next four thousand and five per cent. upon the amount in excess of the first five thousand dollars. Upon reference of the accounts to a master that officer recommended that the trust created by the trust deed of September 17, 1915, be declared to have terminated upon the death of the trustor on August 26, 1922; that the trustee thereunder be disallowed the commissions on income after said date and that the trust estate held thereunder be transferred to the trustee under the will and of the estate of the trustor. The probate judge having doubts upon the points raised by the master and deeming the questions sufficiently important to reserve them to this court under the statute reserved eight questions for our opinion. These questions take a wide range. In

view, however, of my conclusion that the income from the stock in the John Ii Estate, Limited, is neither "moneys received in the nature of revenue or income" of the trust estate created by the will of the testatrix nor "moneys received representing the estate at the time of the institution of the trust" under the will within the meaning of R. L. 1925, s. 2544, I deem the questions reserved to resolve themselves into but two—first, Did the trust estate created by the deed of trust of September 17, 1915, terminate upon the death of the trustor? and, second, what commissions, if any, the Hawaiian Trust Company, Limited, is entitled to receive upon income accrued upon the stock of the John Ii Estate, Limited, originally conveyed to it as trustee by the deed of trust of September 17, 1915.

The trust deed recites as one of the considerations for its execution by the trustor that her sons, George and Francis, executed at the same time similar deeds of trust to the same trustee. It also provides that the trust is not revocable until the expiration of ten years from the date thereof. It further provides that the trustee have power to manage, control and operate and join with other stockholders in managing, controlling and operating the business and property of the John Ii Estate, Limited, and that it should have and might exercise all the rights and powers of the owners of said capital stock and do every act and thing in the course of or in connection with such ownership, management, control and operation which it might deem necessary or advisable. It is admitted and included in the reservation as a fact, that the three deeds of trust executed by the mother and two sons, respectively, cover two-thirds of the capital stock of the John Ii Estate, Limited, and that those executed by the sons are still in force and effect. While it is true that under the trust deed the trustee had no power of sale

or other disposition of the stock except upon the express written consent of the trustor, and now that she is dead and her consent is not procurable it may be said that the trustee holds the bare legal title to the stock, this I do not believe is sufficient in itself to terminate the trust in view of the express agreement that it should exist at least for ten years, during which time it is irrevocable, and that by it and the similar trust deeds of the sons the trustee was empowered to exercise the prerogatives of a majority stockholder in relation to the management and control of the corporation. The trust instrument of September 17, 1915, in my opinion did not terminate upon the death of the trustor but was in full force and effect during the time of the accrual of the income from the capital stock of the John Ii Estate, Limited, statutory commissions upon which are prayed by the Hawaiian Trust Company as trustee under the will.

Next as to commissions. The services for which the trustee claims compensation, in order to its allowance, must have been performed by it as trustee under the will. The statute computes the compensation of executors, administrators and guardians in respect to moneys received accordingly as they are "received representing the estate at the time of the institution of the trust" or "moneys received in the nature of revenue or income of the estate." R. L. 1925, s. 2544, provides that executors, administrators and guardians shall be allowed commissions upon all moneys received and accounted for by them, that is to say: "Upon all moneys received representing the estate at the time of the institution of the trust, such as cash in hand and moneys realized from securities, investments, and from sales of real estate and personal property other than interest, rents, dividends and other profits coming due after the inception of the trust, two and one-half per centum. * * * Upon all

moneys received in the nature of revenue or income of the estate, such as rents, interest and general profits, ten per centum for the first thousand dollars, seven per centum for the next four thousand dollars, and five per centum for all amounts over and above the first five thousand dollars." These provisions have been held by this court to be applicable by analogy to trustees. If these moneys were received by the Hawaiian Trust Company as trustee under the will either one of the provisions of the statute applies. If on the other hand these moneys were received by the Hawaiian Trust Company as trustee under the trust deed of September 17, 1915, then the express provision as to compensation of the trustee contained in the trust deed controls and the statute does not apply. I take it that the income which accrued upon the capital stock of the John Ii Estate, Limited, subject to the trust deed of September 17, 1915, was in the form of dividends paid by the corporation upon its outstanding capital stock to the respective owners thereof. As the owner of the legal title to the capital stock of the John Ii Estate, Limited, conveyed to it by the trust deed, the Hawaiian Trust Company received the dividends paid thereon by the corporation as trustee under the trust deed. It was "revenue or income" of the estate created by the trust deed and not "revenue or income of the estate" created by the will. It cannot be considered in any sense as "rents," "interest" or "general profits" of the estate created by the will. Nor is it "moneys received representing the estate at the time of the institution of the trust" under the will. The word "received" imports the transfer of title and possession to the trustee by another. One cannot "receive" from one's self. (*Selden* v. *Equitable Trust Co.,* 94 U. S. 419, 422.) The Hawaiian Trust Company at the time of the institution of the trust created by the will held the legal title to the capital stock of the John

Ii Estate, Limited, subject to the trust deed. As such holder of the legal title dividends paid upon the stock to and received by the Hawaiian Trust Company vested in it as trustee under the trust deed. It cannot as trustee under the will "receive" these moneys from itself as trustee under the trust deed. Whatever service the Hawaiian Trust Company performed in respect to the receipt of income accruing from the capital stock of the John Ii Estate, Limited, subject to the trust deed of September 17, 1915, it performed as trustee under that trust deed. For that service it has received compensation under and pursuant to the provisions of the trust deed. The authorities are uniform that where the parties to a trust instrument expressly agree in advance what compensation the trustee shall receive for his services as such the agreement is exclusive and statutory provisions fixing the compensation of trustees do not apply. Much less so do the statutory provisions applicable to executors, administrators and guardians apply to trustees the compensation of whom is expressly agreed in the trust instrument under which they act.

I concur with so much of the majority opinion as holds that the trust deed of September 17, 1915, was during the period covered by the accounts herein in full force and effect but I respectfully dissent from so much thereof as holds that the Hawaiian Trust Company is entitled to any further and additional compensation under the provisions of R. L. 1925, s. 2544, in respect to moneys paid to and received by it comprising income accrued from the capital stock of the John Ii Estate, Limited, subject to the trust deed of September 17, 1915.