## Case No. 10,555.

### OREGON & W. TRUST INV. CO. v. RATHBURN et al.

[5 Sawy. 32; 4 Law & Eq. Rep. 650; 10 Chi. Leg. News, 58; 6 Am. Law Rec. 523; 1 Tex. Law J. 39; 23 Int. Rev. Rec. 377.] [1]

Circuit Court, D. Oregon. Oct. 25, 1877.

PLACE OF CONTRACT — BANKING CORPORATIONS — SUBJECT OF ACT—MUST BE EXPRESSED IN THE TITLE.

1. A promissory note made in Oregon, and payable in Scotland, is to be considered as if made in Scotland. Per Field, J.

2. The validity of a mortgage upon real property in Oregon to secure the payment of such a note is to be tested by the laws of Oregon. Per Field and Deady, JJ.

[Cited in Dundee Mortgage, Trust Investment Co. v. School District No. 1, 19 Fed. 372. Cited in brief in Dearborn Foundry Co. v. Augustine, 5 Wash. 67, 31 Pac. 328.]

3. A corporation engaged in loaning its own money upon note and mortgage is not a banking corporation.

4. An act entitled "An act to tax and regulate" certain named foreign corporations, cannot, under section 20 of article 4 of the Oregon constitution, contain any provision in relation to any other foreign corporation.

[Cited in Semple v. Bank of British Columbia, Case No. 12,659; Dundee Mortgage, Trust Investment Co. v. School District No. 1, 19 Fed. 368; Oregonian Ry. Co. v. Oregon Ry. & Nav. Co., 22 Fed. 250, 23 Fed. 235; New England Mortgage Security Co. v. Vader, 28 Fed. 268.]

Suit to enforce the lien of a mortgage. This cause was first heard on bill and answer before the district judge who then stated the case as follows: "Giving full effect to the denials and statements of the answer, it appears that the complainant is a foreign corporation, having its principal place of business in Dundee, Scotland, and had not at the date of the transactions involved in this suit, complied with the laws of Oregon, requiring a foreign corporation before doing business in this state, to appoint an attorney, authorized to receive service of all process in any action against such corporation (see Act Oct. 21, 1864, §§ 8, 9; Or. Laws p. 617); that

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 4 Law & Eq. Rep. 650, contains only a partial report.]

in 1874, the defendant Rathburn negotiated a loan of ten thousand dollars with the agent of the plaintiff, at Portland, and gave his promissory notes therefor, payable to the plaintiff, with interest, at Dundee, together with a mortgage of certain premises situate in Multnomah county, executed by himself and wife to secure the payment of the same; that the notes and mortgage were delivered to said agent, at Portland, who thereupon delivered to the defendant Rathburn at the same place, the sum of nine thousand eight hundred dollars, and no more. Default being made in the payment of the notes, this suit is brought to enforce the lien of said mortgage by the sale of the premises and the satisfaction of the debt." [Case No. 10,554.]

The defendants [John H. Rathburn and others] then maintained that the transaction was void, because (1) it took place in Oregon contrary to the statutes thereof; and (2) the loan is usurious by the law of the state. To the contrary, the complainant maintained that the contract was made in Scotland, and to be performed there, and being valid there is valid here. The court held that the contract was formed or entered into in Oregon, and contrary to the law of the state upon the subject of foreign corporations doing business therein, and was therefore invalid; citing In re Comstock, [Case No. 3,078]; 2 Kent, Comm. 459; Andrews v. Pond, 13 Pet. [38 U. S.] 77; Wolf v. Johnson, 10 Wheat. [23 U. S.] 383; Story, Confl. Law, § 304; but that it was not usurious, because the note being payable in Scotland, so far as the rate and payment of interest is concerned, it is considered to be a contract made in that country.

On motion of the complainant a rehearing was allowed by the district judge, which took place before said judge and Mr. Justice Field. On this argument the latter was of the opinion that the notes, being made payable in Scotland, their validity was to be wholly tested by the laws of that country, but that the mortgage—the transaction upon which the suit is brought, is a contract made and to be performed in Oregon, and therefore invalid if made contrary to the laws thereof. Thereupon it being suggested by counsel for the complainant that said sections 8 and 9 do not apply to the complainant or any foreign corporations, except those mentioned in the title of the act, it was ordered that the cause be reargued before the district judge upon this question, which was done.

Ellis G. Hughes, for complainant.
Julius C. Moreland, for defendants.

DEADY, District Judge. Section 20 of article 4 of the constitution of the state, declares: "Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title,

such act shall be void only as to so much thereof as shall not be expressed in the title." On October 21, 1864, the assembly passed an act entitled: "An act to regulate and tax foreign insurance, banking, express and exchange corporations or associations doing business in the state." After providing, that before doing business in this state, the corporations named must make a deposit with the treasurer of the state for the security of the persons transacting business, with them, upon which deposit a tax should be paid as in the case of individual property in the state, the act requires, that "A foreign corporation before doing business in this state" must appoint a resident attorney with authority to receive service of process in any action which may be brought against it in this state. It appears from the journal of the assembly of 1864 that this act was introduced as house bill No. 102, and entitled: "A bill to tax foreign insurance, banking and express companies." In its course through the house it was referred to a committee, who reported it back with two other bills in relation to foreign corporations, substantially embodied in it, namely, house bill 106, "A bill to license and tax foreign corporations doing business in this state," and senate bill 27, "A bill to provide for foreign insurance companies giving security and appointing an attorney to receive service of process, doing business in this state," with the title amended as it now stands, after which it became a law. The sections under consideration are evidently a part of the senate bill 27, enlarged so as to apply to any foreign corporation.

For the complaint it is contended that under section 20 aforesaid of the constitution, said sections 8 and 9, so far as they purport to apply to corporations, other than those mentioned in the title of the act, are void; and that the complainant being neither an "insurance," "banking," "express," nor "exchange" corporation, is not embraced in the subject expressed in the title of the act, and therefore not within its constitutional purview.

The defendant contends that the complainant, being engaged in loaning money, is a banking corporation, and therefore within the purview of the act upon the complainant's own construction of it; and that if this be held otherwise, still, the matter of requiring any foreign corporation to appoint a resident attorney for the purpose aforesaid being a matter properly connected with the subject expressed in the title of the act, said sections 8 and 9 are therefore valid and the mortgage made in disregard of them is not.

Is the complainant a "banking" corporation within the meaning of that term as used in the act of October 21, 1864? Nothing appearing to the contrary it is to be presumed that the word "banking" is here used in its ordinary signification. It is not alleged in terms that the complainant is a banking corporation; but only that it is engaged in the business of loaning money in Oregon upon note and mortgage. Neither does it affirmatively appear whose money it loans, but the reasonable inference is, that it loans its own money, consisting of its capital stock contributed by its shareholders. Under the authorities, this is not sufficient to constitute the complainant a bank or corporation engaged in banking. The complainant having a certain fund, formed probably from the contributions or assessments of its shareholders, is engaged in loaning this fund—investing it in trust for these shareholders as its name implies—upon note and mortgage in Oregon and Washington. For this purpose it must be assumed, and no other, it was organized. Now, if this constitutes it a banker, then every individual who loans his private funds in like manner is a banker also. In Bank for Savings v. The Collector, 3 Wall. [70 U. S.] 512, it is said by the court that, "banks, in the commercial sense, are of three kinds, to wit: (1) Of deposit; (2) of discount; (3) of circulation. All or any two of these functions may, and frequently are, exercised by the same association." To the same effect is the ruling in Oulton v. Savings Institution, 17 Wall. [84 U. S.] 118; German Savings & Loan Soc. v. Oulton, [Case No. 5,362]; People v. Utica Ins. Co., 15 Johns. 390; Bouvier, verba "Bank."

So far as appears, the complainant is neither engaged in the business of receiving deposits, discounting the notes of others, nor issuing its own for circulation. True, discount, is in effect, a mode of loaning money; and so far as the mischief intended to be guarded against by this act is concerned, the difference between loaning money by discounting the notes of third persons and doing so directly, upon the note and mortgage of the borrower, may be immaterial. But the difference itself is substantial, and according to established definitions, distinguishes between banking and the mere loan of money.

Upon the question whether said sections 8 and 9 go beyond the subject expressed in the title of the act there is not much room for argument. The judicial exposition of the constitution of the state belongs to the courts thereof; and their interpretation of that instrument furnishes the rule of decision for the national courts. The only time that section 20 of article 4, supra, has been before the supreme court of the state for construction is in Simpson v. Bailey, 3 Or. 516, where it is said that the object of the provision is "to prevent matters, wholly foreign and disconnected from the subject expressed in the title, from being inserted in the body of the act." A more limited operation than this has not been claimed for the provision. It is a very necessary and wholesome restraint upon improper legislation, and ought not to be frittered away or unduly circumscribed in its operation by considerations of convenience or expediency. In Simpson v. Bailey,

supra, it is assumed rather than said, that the provision is mandatory; and so a similar one has been held in other states of the Union, except California and Ohio, where considerations like the one suggested seem to have induced the courts to declare it only directory—practically null. Cooley, Const. Lim. 150. It will be noticed that the word "subject," where it occurs the second time in said section 20, is printed in the compilations of 1864 and 1876 in the plural; and assuming this to be the correct reading, the complainant maintains that not only the principal subject of the act, but "the matters properly connected therewith," if any, must be expressed in the title. The case of Simpson v. Bailey appears to have been decided upon the assumption that the word is used in the constitution in the singular. In the Session Laws of 1860 the constitution is published with this word in the singular number. It is so written in the original report of the legislative committee of the constitutional conventions and from a copy of the section duly certified by the secretary of state, it appears that the word is used in the singular number in the enrolled copy of the constitution.

The subject of this act as expressed in the title is the taxation and regulation of certain foreign corporations, of which the complainant is not one. The body of the act goes farther, and provides in effect that all foreign corporations, before doing business in this state, shall appoint a resident attorney therein. Is this regulation a matter properly connected with the subject expressed in the title? So far as the corporations named in the title are concerned, undoubtedly it is. Indeed, as to them, we may safely go farther, and say that it is a part of the subject expressed in the title—the regulation of "foreign insurance, banking, express and exchange corporations" doing business in Oregon. But as to corporations not so named the case is different. They are different and distinct subjects, and the regulation of them in any particular is not a mere matter which in some way pertains to and may therefore properly be connected with legislation concerning those named in the title. There is no relation or connection between the complainant and any of the corporations named in the title of the act, and therefore a regulation concerning it is not a matter properly connected with or incident to a regulation concerning them. Cattle, sheep and hogs are distinct objects. One does not pertain to or depend upon the other. But some regulation applicable to them all—for instance, concerning their going at large—might well be the subject of a legislative act. But an act entitled an act concerning sheep and hogs cannot contain a valid provision concerning cattle, because the latter has no connection with the former and is no part of the subject expressed in the title. In Mewherter v. Price, 11 Ind. 199, it was held that "an act concerning promissory notes and bills of exchange,"

which contained a provision concerning "other instruments in writing," was so far void, because the subject—other instruments in writing—was not expressed in the title. See also, Cooley, Const. Lim. 149, and cases there cited. So in the case under consideration. The act is broader than the title, and so far is void. The subject of the act was restricted by the title to certain corporations of which the complainant is not one, and therefore no regulation concerning it can be embodied in the act. The constitution has made the title the limit of what the act may contain, and the court has no power to enlarge its scope. When sections 8 and 9 were taken from senate bill 27 aforesaid and made applicable to all foreign corporations, by some oversight the title of the bill was not enlarged accordingly, and therefore so far as they go beyond the purview of such title they are void.

I trust it is not necessary to apologize for holding this act of the legislature partially void, or rather restraining the generality of the language of sections 8 and 9 thereof, so as to confine their operation within the scope of the title—the true index of the legislative intention. It is only to be regretted that the matter had not been first passed upon by the supreme court of the state, so that this court might have had an authoritative precedent for a guide. In a plain case like this it is as much the duty of the court to declare an act of the legislature invalid as to reform or set aside a contract for mistake or fraud. In so doing it but upholds and obeys that supreme law—the constitution—to which both courts and legislatures are bound to conform their conduct. There must be a decree for the complainant for the relief sought.