[No. 2773.  Decided April 12, 1898.]

Isaac C. Kiggins, *Appellant*, v. Charles F. Munday, The Guaranty Loan and Trust Company *et al.*, *Respondents*.

BANKS AND BANKING — LIABILITY OF STOCKHOLDERS.

When a corporation, which is authorized under the laws of this state to engage in banking and also in other distinct lines of corporate business, becomes insolvent, corporate assets, realized from the collection from stockholders of sums due under their statutory liability as shareholders in a banking corporation, should be applied in satisfaction of claims against the corporation arising out of its transaction of banking business, to the exclusion of other creditors.

Appeal from Superior Court, King County.—Hon. E. D. Benson, Judge.  Affirmed.

*George A. Hurd*, for appellant.

*White, Munday & Fulton, Strudwick & Peters*, and *Corliss, Langland & McKay*, for respondents.

The opinion of the court was delivered by

Scott, C. J.—The Guarantee Loan & Trust Company was incorporated to engage in the following lines of business, as stated in its articles of incorporation:

" First, to loan money on real or personal security, and to sell or otherwise negotiate such loans; second, to buy, sell, negotiate and guaranty the payment of notes, bonds, mortgages, bills of exchange, and other evidences of indebtedness; third, to make, execute, and deliver its bonds or other obligations in writing; fourth, to engage in and carry on the business of banking to such an extent, and in all such branches, as may legally be done under the laws of Washington territory; fifth, to purchase, sell, mortgage and convey real and personal property; sixth, to accept and execute all trusts, fiduciary and otherwise; seventh, to do any and all things necessary, proper, or convenient for carrying out the objects and accomplishing the purpose for which the corporation is formed."

After it had continued in business for several years, suit was begun by a creditor, alleging its insolvency, and praying for the enforcement and collection of the statutory liability against the stockholders of the corporation, and for the appointment of a receiver, etc. The court has not found it necessary to pass on some of the questions argued, and the following is a sufficient statement to present the matter decided: A receiver was appointed, and he filed a report and petition setting forth the condition of the corporation, and stating therein that there were two classes of creditors of the corporation, viz., the obligations arising out of transactions ordinarily incident to a banking business, including deposits, general ledger accounts, rediscounts of bills payable due the bank, etc.; and the second class was given as those arising by virtue of guaranties of mortgages negotiated. He set forth that he had in his possession the sum of $500, which had been paid in to him by one of the stockholders on account of his statutory liability on the stock held by him, and that, unless otherwise directed by the court, he would apply this sum on the claims mentioned as belonging to the first class, to the exclusion of claims given as belonging to the second class. Thereafter the Pullman Loan &

Savings Bank, of Pullman, Illinois, filed its petition praying that the sum so held by the receiver be distributed ratably to the creditors of the first class exclusively; and the appellant and others, who were holders of mortgage claims guarantied by the defendant corporation, filed petitions praying that said sum should be ordered distributed ratably among all the creditors of the corporation, and that they be entitled to share equally in all its assets. The court held that the amounts collected from the stockholders on account of their statutory liability should be applied exclusively upon the claims belonging to the first class, and this appeal was taken.

Section 11, art. 12, of the constitution is as follows:

" No corporation, association, or individual shall issue or put in circulation as money anything but the lawful money of the United States. Each stockholder of any banking or insurance corporation or joint-stock association shall be individually and personally liable equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporation or association accruing, while they remain such stockholders, to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares."

Section 1511, 1 Hill's Code (Bal. Code, § 4266), contains the following:

" . . . Provided, that the stockholders of every bank incorporated under this act or the territory of Washington shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such association accruing while they remain such stockholders, to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares."

There is no other provision, called to our attention, bearing upon the question as to whether these sections apply to the banking business only, where a private corporation is

formed for that and other purposes, and it is a matter of intention as to the provisions given, to be determined by recognized rules of interpretation. Under our laws a private corporation may be formed to engage in several distinct kinds or lines of business. As respondent says, one may be incorporated to engage in both a banking and a manufacturing business; and some of the cases from states where, under their laws, corporations formed to do a banking business must be formed for that exclusively, do not apply. Obtaining, negotiating, and guarantying mortgage loans is not a banking business. *Oregon, etc., Investment Co. v. Rathbun*, 5 Sawy. 32; *Selden v. Equitable Trust Co.*, 94 U. S. 419. A corporation might be created for that purpose only, without there being the additional statutory liability against the shareholders, the same as it might be formed for manufacturing purposes.

" A bank is an institution for the custody and loan of money, the exchange and transmission of the same by means of bills and drafts, and the issuance of its own promissory notes, payable to bearer, as currency; or for the exercise of one or more of these functions." 3 Am. & Eng. Enc. Law (2d ed.) 789. See, also, Boone, Banking, §§ 2, 3.

Such definition does not include the guarantying of a mortgage loan such as these here in controversy. In cases of liabilities arising from such transactions, recourse could be had to the corporate assets, but the additional statutory liability is no part of the corporate property or assets. The inquiry is a pertinent one, as to whether there was any intention to provide a greater liability or greater security for the same acts or business where performed by a corporation organized for that purpose, and also for banking purposes, than would obtain if it were organized to perform the particular business only. It would seem not. There is no reason for such a distinction between the same

kinds of creditors. It would not ordinarily be difficult to distinguish between its business and acts as a bank, and other obligations it might assume, and business it might pursue either generally or in special instances. It is urged in this case, as a reason why there should be no distinction recognized between the creditors, that the bank never kept any separate system of accounts relating to the various branches of its business; but the method of keeping accounts could not affect the character of the claims, nor enlarge the obligations of the shareholders. It could only render it more difficult to segregate the various claims, but that difficulty has been overcome in this case. It would seem as though a reasonable interpretation of the sections in question is that it was intended to require state banks to give the same security only to their creditors in their banking business as is given for the same business in the case of national banks; and although a state bank might incorporate to, or might, transact other business, aside from banking business, that a national bank could not engage in, it was not intended to impose an additional liability upon the shareholders for such other business. We are of the opinion that the judgment of the lower court was right.

Affirmed.

GORDON, DUNBAR, ANDERS and REAVIS, JJ., concur.