and claiming to own the furniture in each of the apartments. It is admitted, and the evidence conclusively shows, that Willis was not, in fact, the owner. The furniture was moved from the house on December 21, and 22, 1925, while the plaintiff was at her farm near Nowata.

In determining whether these defendants could obtain title to this property by buying from one whom we will assume has been vested with possession alone of the property; we find the applicable rule stated in 10 R. C. L. 777, in the following language:

"Mere possession and control of personal property is not sufficient to estop the real owner from asserting his title against a person who has dealt with the one in possession on the faith of his apparent ownership."

The fact that plaintiff gave J. P. Willis the right to collect a month's rents, and to also act as janitor of the house and occupy a part of it, or if she had for these purposes delivered to him the entire possession of the house and furniture, would not have vested him with such indicia of title as would estop her to claim ownership of the furniture as against these defendants.

In the case of Young v. Cole, 91 Okla. 113, 216 Pac. 429, we find the law of this question sustained by many authorities stated as follows:

"It is a well-settled rule of law that the bailee receiving the custody and possession of personal property for a particular purpose, cannot, through the sale and delivery, pass the title of the bailor or owner of the property. Dows v. Milwaukee Nat. Exchange Bank (U. S.) 23 L. Ed. 214; Commercial Bank of Selma v. Hurt (Ala.) 19 L. R. A. 701; Burton v. Curyea (Ill.) 89 Am. Dec. 350; Chism v. Woods (Ky.) 3 Am. Dec. 740; Spooner v. Holmes (Mass.) 3 Am. Rep. 491; Commerce Nat. Bank v. Wisconsin Cent. Co. (Minn.) 46 N. W. 342, 9 L. R. A. 263; Smith v. Clews (N. Y.) 4 L. R A. 392; Hamet v. Letcher (Ohio) 41 Am. Rep. 519.

The court did not err in refusing to submit the issue of estoppel to the jury.

The judgment of the trial court is affirmed.

BENNETT, TEEHEE, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

George L. Burke, for plaintiff in error.

Wallace & Wallace, for defendants in error.

RILEY, J. This proceeding in error is a counterpart to cause No. 18315, Cole v. Kinch, 134 Okla. 262, 272 Pac. 1017, and the statement of facts there is considered in augmentation of the facts here stated.

A promissory note of the date of September 20, 1920, was executed by W. J. Cole and delivered to E. T. Creegan, guardian of the estate of William McKinley Clayton, minor, for a consideration of $2,500, paid to the maker. The due date was January 10, 1921, interest at 10 per cent. per annum. The guardian was having some trouble with the county court on account of the overdue note not having been paid and about that time, on solicitation of the guardian, defendant S. G. Smith endorsed the note as follows: "Payment guaranteed, S. J. Smith." The guardian was paid for the note and suit was entered by assignee upon the note and recovery had against the principal, and that judgment affirmed in the companion case. Judgment was for defendant Smith in the court below, from which the plaintiff appeals hereby.

The judgment below absolved Smith from liability on the note for the evident reason that there was no consideration binding upon him for his endorsement. Smith signed the note at payee's request long after maturity in consideration of the fact that payee represented that such indorsement would be an accommodation to him. Such

indorsement was also in view of the fact of a pledge of six United States Liberty Bonds of the par value of $3,000 to secure the debt of $2,500 represented by the note.

From our review of the evidence, we cannot say the trial court committed error in its view that Smith was solely an indorser without consideration to himself or the maker of the note, or anyone except the payee, therefore, we affirm the judgment under the rule in First Nat. Bank of Poteau v. Allen, 88 Okla. 162, 212 Pac. 597.

MASON, V. C. J., and HARRISON, LESTER, HUNT, and HEFNER, JJ., concur.

## NEW YORK LIFE INS. CO. v. SMITH.

No. 18650.   Opinion Filed July 31, 1928.

Rehearing Denied Dec. 4, 1928.

Wilson & Wilson and Louis H. Cooke, for plaintiff in error.

Ames, Lowe & Cochran and Ledbetter. Stuart, Bell & Ledbetter, for defendant in error.

HUNT, J.   Mrs. Blake C. Smith, as plaintiff, sued the New York Life Insurance Company, as defendant, in the district court of Oklahoma county, to recover the sum of $25,000 alleged to be due her as the beneficiary in three life insurance policies issued by the defendant company on the life of her husband, Turner R. H. Smith, who it was alleged had died on June 17, 1926, while said policies were in full force and effect. Trial was had before a jury in the district court of Oklahoma county, and a verdict returned in favor of plaintiff for the amount sued for.   Motion for new trial was filed and overruled, and judgment was rendered for the plaintiff on the verdict of the jury, and to reverse this judgment defendant prosecutes this appeal.   For convenience the parties will be referred to here as they appeared in the court below.

The execution and delivery of the policies, payment of the premium thereon, and the death of the insured, while same were in full force and effect, are admitted by the defendant company.   The contention of the defendant in the court below was that the