## AMERICAN EXCHANGE BANK of HENRYETTA et al. v. ROWSEY.

No. 19179.   Opinion Filed March 25, 1930.

Rehearing Denied July 8, 1930.

Commissioners' Opinion, Division No. 1.

Chas. H. Baskin, C. A. Ambrister, and Bower Broaddus, for plaintiffs in error.

C. N. Haskell, W. E. Disney, John Wheeler, and Glenn Alcorn, for defendant in error.

TEEHEE, C.   Plaintiff in error, American Exchange Bank of Henryetta, brought suit against defendant in error, W. E. Rowsey, to recover of him the amount of his statutory liability as a shareholder of an insolvent state bank as fixed by the banking laws of the state.

In substance plaintiff alleged that defendant was the owner of 22 shares of stock of the Citizens State Bank of Henryetta, their par value being $2,200; that the bank had been taken charge of by the State Bank Commissioner as an insolvent bank on December 4, 1925, who thereupon ordered an assessment of the maximum liability against the shareholders of the bank; that on March 5, 1926, by contract with the Bank Commissioner, plaintiff purchased the assets of the bank, including the assessed liability against the shareholders, assignment whereof was by the district court approved; and that demand of payment was made upon defendant, which was by him refused.

Upon denial of liability by defendant in his answer, plaintiff moved that the Bank Commissioner be made a party to the action, which was ordered, who thereupon filed his petition in intervention alleging, in substance, the facts as contained in plaintiff's petition, except as to the assignment of the assessed liability against the defendant, and though he sought judgment therefor as in his own behalf, from the course of the trial and the record as a whole, his intervention must be regarded as being for the benefit of the plaintiff, his assignee. Thereto defendant likewise answered with denial of liability.

Upon trial to the court, judgment went for defendant upon his demurrer to the evidence of both plaintiff and intervener.

Defendant's demurrer to the evidence questioned the right of the Bank Commissioner to assign the assessed liability against him to plaintiff, the right of plaintiff to maintain suit against him on the assignment, and the right of the Bank Commissioner to maintain suit against him for plaintiff's benefit.

In presenting the cause on appeal, plaintiffs in error proceed on the theory that the additional statutory liability of a shareholder, as fixed by section 4122, C. O. S. 1921, commonly referred to as the stockholders' double liability, upon assessment thereof by the State Bank Commissioner pursuant to the banking laws of the state,

became a part of the corporate assets of the insolvent bank and subject to assignment as any other part thereof, with the right of collection in the assignee by judicial process; and, further, in effect, that though the State Bank Commissioner has assigned such assessed double liability to plaintiff, the Bank Commissioner, as assignor, nevertheless had such an interest therein that he could properly by intervention maintain his action thereon for the benefit of his assignee, citing Waldron v. Alling, 76 N. Y. S. 250; Minnetonka Oil Co. v. Cleveland Vitrified Brick Co., 27 Okla. 180, 111 Pac. 326; Chicago, R. I. & P. Ry. Co. v Bankers' Nat. Bank, 32 Okla. 290, 122 Pac. 499; 5 C. J. 983, par. 178, and a number of other authorities which appear to support the theory as thus advanced.

On the contrary, defendant in error contends, in support of the judgment, that, under the banking laws of this state, the assessed liability against him was neither a corporate asset, nor subject to assignment; that the State Bank Commissioner was not a party in interest in the subject-matter of the action in the circumstances of the cause; and that there was a want of evidence by both plaintiffs in error to warrant a judgment against him for either of them, citing Kiggins v. Munday, 19 Wash. 233, 52 Pac. 855; Riegel v. Planters State Bank, 100 Okla. 42, 227 Pac. 105; Blackert v. Lankford, 74 Okla. 61, 176 Pac. 532; Farmers Bank v. Scott, 144 Ky. 575, 139 S. W. 801; Assets Realization Co. v. Howard, 211 N. Y. 430, 105 N. E. 680; Enid Oil & Pipe Line Co. v. Champlin, 113 Okla. 170, 240 Pac. 649; Slagle v. Amos, 111 Okla. 71, 238 Pac. 445, and several other authorities which appear to sustain defendant in error's position.

Subsequent to the filing of the cause on appeal, this court decided a case similar in circumstances to the cause at bar which disposes of the propositions relied on adversely to the contentions of plaintiffs in error. State ex rel. Mothersead v. Kelly, 141 Okla. 36, 284 Pac. 65. By that case it was settled that the additional statutory liability of a shareholder, as fixed by section 4122, C. O. S. 1921, is no part of the corporate assets of a state bank, and though upon the insolvency of the bank it be assessed by the State Bank Commissioner, it does not partake of the nature or character of a chose in action whereon the assignee thereof may maintain an action, and that the State Bank Commissioner had no such interest therein to sue thereon for the bene-

fit of his assignee. Paragraphs 1, 2, and 3 of the syllabus of that case read as follows:

"1. An order of assessment by the Bank Commissioner against shareholders of an insolvent bank is not a liquidated claim and cannot become an asset of the bank subject to assignment, otherwise the shareholder would be deprived of property without due process of law in violation of federal and state constitutional provisions.

"2. Under section 2, c. 80, Sess. Laws. Sp. Sess. 1923-24, the Bank Commissioner is named as the person who may enforce the statutory liability against shareholders, and he cannot delegate such power to one not authorized by statute, nor can a purported assignee of such liability be subrogated.

"3. Approval of purported assignment of such shareholder's liability by the district court is void for want of jurisdiction. The purported order of approval is subject to collateral attack."

Plaintiffs in error propound the further question that, if the assignment of the assessed liability is void, does such attempted assignment operate as a release of the shareholder's liability therein? In other words, whether or not there still remains the obligation on the part of the shareholder for his double liability to the creditors of the insolvent bank?

It is clear from the record that the transaction between plaintiff and intervener was entered into on the theory that, with the enforcement of the stockholders' double liability, the consideration to be paid by plaintiff for the assets of the insolvent bank would be sufficient to make a 40 per cent. payment on the bank's obligations to its creditors, and that without such enforcement the purchase price would amount to a 25 per cent. payment. As the contract in respect to the double liability fails in execution, it must logically follow that the fund to be derived from that source has not yet been made available for the benefit of the bank's creditors, of which fund, in respect to its character and purpose, it was aptly said in the Kelly Case, to wit:

"It was designed solely for the benefit of creditors and constitutes a fund available only when the bank is insolvent and thus rendered unable to meet its liabilities in full. The corporation itself has no authority over the fund, and cannot either compel its payment nor by any act on its part release the stockholders therefrom. It amounts, for all practical purposes, to a reserve or trust fund, to be resorted to only in proceedings in liquidation, when necessary to meet the payment of obligations of the corporation. It is limited to an amount equal to the par

value of the stock held and owned by each stockholder, and exists in favor of the creditors collectively, not separately, and in proportion to the amount of their respective claims against the corporation."

It is to be noted, however, that the question thus propounded does not arise upon the record before us, with which we are obliged to deal as we find it, and, therefore, our decision thereon is unnecessary in the disposition of the cause. However, since there has been a failure of the contract in respect to the assignment of the assessed liability of shareholders, we may here properly observe that it is to be assumed that the State Bank Commissioner will complete the liquidation of the insolvent bank pursuant to law by the enforcement of the additional liability of shareholders for the benefit of its creditors collectively, wherein he alone is authorized to so act as pointed out in the Kelly Case, and therefore our disposition of this cause is not to be regarded as an adjudication of the question thus propounded.

For the foregoing reasons therefore, the judgment of the district court is affirmed.

BENNETT, REID, LEACH, and HERR, Commissioners, concur. FOSTER, Commissioner, dissents.

By the Court: It is so ordered.