## GRIFFIN v. BREWER.

No. 21817.    April 10, 1934.

J. D. Lydick and Murray F. Gibbons, for plaintiff in error.

C. E. Morrison, for defendant in error.

PER CURIAM. This suit was brought by J. L. Brewer, as plaintiff below, in the justice court of Oklahoma county, against W. P. Griffin, defendant below, on a written contract entered into by the parties for the settlement of all liability of the defendant, W. P. Griffin, resulting from the operation of the stockholders' double liability law. The justice court rendered a decision in favor of Griffin, whereupon Brewer appealed to the district court of Oklahoma county. Upon appeal of said cause from justice court to the district court of Oklahoma county, the following stipulation of the facts was entered into:

"It is hereby stipulated and agreed by and between the parties hereto, by and through their respective attorneys of record, that the following facts constitute the evidence in the case at bar.

"That on Tuesday, November 27, 1928, one J. L. Brewer, plaintiff herein, purchased at public sale of and from the Bank Commissioner of the state of Oklahoma, said Bank Commissioner then and there acting in his official capacity as liquidating agent for a failed state bank, namely, the Carnegie Bank, better known as the Citizens State Bank of Carnegie, Okla., the assets of said bank, and paid a valuable consideration

therefor. That included in said assets as advertised by the Bank Commissioner and as sold by the Bank Commissioner was all moneys that might be derived from the stockholders in and of said bank under what is commonly known as the 'stockholders' double liability clause'; that said Bank Commissioner acted in good faith in including such liability as part of the assets of said bank; that by reason of decisions rendered by the Supreme Court of the state of Oklahoma after said sale, said Bank Commissioner had no authority to include any liabilities arising under said stockholders' double liability clause as part of the assets of said failed bank; that plaintiff herein was and is a purchaser in good faith of said claims.

"That the plaintiff and defendant herein, each acting in good faith, contracted between themselves that said defendant should pay said plaintiff the sum of $400 as full and complete satisfaction of any and all claims arising by reason of defendant's indebtedness as aforesaid. That by the terms of said contract, defendant was to pay to plaintiff the sum of $25 per month, beginning the 5th day of June, 1929, and continuing such monthly payments of $25 thereafter on each and every month until the said sum of $400 had been paid; that after $225 had been paid by the defendant to the plaintiff herein defendant refused to make any further payment; thereafter plaintiff filed suit in justice court in and for Oklahoma City district, Oklahoma City, Okla., wherein he prayed judgment against defendant in the sum of $175, balance due under said contract and agreement; that by way of answer defendant filed a cross-petition, wherein he prayed that said contract or agreement be voided; that defendant be released from terms of same, and that he have and recover from the plaintiff the sum of $225 heretofore paid. Defendant waived all right or claim to any sum or sums in excess of the sum of $200; that upon the trial of issues thus joined, defendant prevailed and the court entered judgment, whereby defendant was relieved from further payments under the terms of said contract or agreement and defendant should have and recover from the plaintiff the sum of $200 from such judgment; plaintiff herein brings error."

This court has heretofore declared the law on the first proposition presented on appeal by the plaintiff in error. State ex rel Mothersead v. Kelly, 141 Okla. 36, 284 P. 65; American Exchange Bank v. Rowsey, 144 Okla. 172, 289 P. 726. By these cases it is settled that the Bank Commissioner cannot sell or assign the statutory liability against a shareholder of an insolvent state bank; paragraph 2 of the syllabus of the Kelly Case reads as follows:

"Under section 2, chap. 80, Session Laws, Sp. Sess. 1923-24, the Bank Commissioner is named as the person who may enforce the statutory liability against shareholders, and he cannot delegate such power to one not authorized by statute, nor can a purported assignee of such liability be subrogated."

Quoting from the opinion of the Kelly Case, supra:

"The Bank Commissioner's right and duty was simply to enforce the liability by collection when and where necessary to pay creditors or depositors. The right could not be farmed out to private individuals, and it ought not to require argument to make it clear that, where there is no right or power of assignment, there can arise no right of subrogation."

Paragraph 2 of the syllabus of American Exchange Bank v. Rowsey, supra, states:

"A purchaser of the assets of an insolvent state bank through a contract of sale with the State Bank Commissioner, which includes an assignment of the assessed additional or double liability of shareholders of the bank, does not acquire an actionable interest in such assessed liability, nor does the State Bank Commissioner have such an interest therein so as to maintain an action thereon for the benefit of his assignee."

We therefore conclude that the plaintiff did not become the owner of nor acquire any interest in any moneys which might become due by reason of the operation of the stockholders' double liability law (St. 1931, sec. 9130).

The second proposition presented by this appeal is whether or not the contract here sued upon fails for want of consideration. Counsel for defendant in error cites a number of cases sustaining the right of parties to settle disputes and lawsuits by contracts of settlement. The stipulation upon which this case is presented does not show a disputed controversy. This contract was entered into upon the theory that the additional statutory liability of a shareholder of an insolvent state bank, commonly referred to as the stockholder's double liability, upon assessment thereby by the State Bank Commissioner, pursuant to the banking laws of the state, became a part of the corporate assets of the insolvent bank and subject to assignment as any other part thereof, with the right of collection in the assignee, but the cases heretofore cited hold the law to be the contrary.

The plaintiff, Brewer, agrees to do one thing in the contract upon which he sues,

656

namely, to give a complete release to the defendant, his heirs, administrators, executors, and assigns on all of defendant's liability by reason of the additional statutory liability of a shareholder. This he has not done and will not be able to do.

It is evident that the defendant derived no benefit and the plaintiff suffered no possible loss or detriment by reason of this contract, and that the same failed for want of consideration. Quoting the syllabus of Kinch v. Cole et al., 133 Okla. 255, 272 P. 1020:

"Consideration between the promisor and promisee is an absolute essential, and where the defendant derived no benefit, and the plaintiff suffered no possible loss or detriment, the undertaking is without consideration and must be regarded as nudum pactum as between the parties thereto."

The judgment of the trial court is therefore reversed, with directions to enter judgment for the defendant, Griffin, against the plaintiff, Brewer, for the sum of $200, together with interest and costs, as prayed for in defendant's cross-petition.

The Supreme Court acknowledges the aid of District Judge S. J. Clendenning, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.