Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of Westchester Title & Trust Company, and Others, Appellants, *v.* Percy S. Alden and Others, Respondents.*

Second Department, November 18, 1940.

* Revg. 174 Misc. 69.

*Samuel Boksenbom* [*Joseph Lapidus* with him on the brief], for the appellant Louis H. Pink, Superintendent, etc.

*John E. Mack,* for the appellants Beacon Savings Bank and others.

*William D. Cunningham* [*Frank M. Gagliardi, William T. Gallagher* and *James K. Page* with him on the brief], for the appellants Austin K. Griffen and others.

*William Dean Embree* [*William J. O'Connell* and *John M. Friedman* with him on the brief], for the respondents Frank Bailey and others.

*Albert Ritchie,* for the respondents Mina B. Bull and another, as executors, etc., and another.

*William P. Chapman, Jr.,* for various trusts under will of Henry W. Sackett, deceased, Cornell University and other respondents.

*Richard Kelly,* respondent *pro se.*

*Herbert Barry,* for the respondents Marian Robbins Kennedy and others.

*Frank W. Chambers* [*Walter E. Warner, Jr.,* with him on the brief], for the respondent Westchester Fire Insurance Company.

PER CURIAM. The action is brought by the Superintendent of Insurance, as liquidator of the Westchester Title & Trust Company, and by certain creditors suing in behalf of all creditors similarly situated, to enforce the claimed liability of the stockholders of the company for obligations arising out of the company's guaranties to holders of mortgages and mortgage certificates. The alleged liability of the defendants is predicated upon the provision of former section 7 of article VIII of the Constitution of the State of New York, which imposed upon the stockholders of every corporation for banking purposes individual responsibility to the amount of their respective shares in the corporation, " for all its debts and liabilities of every kind;" and upon the former section 206 (now section 113-a) of the Banking Law, which provided for similar individual responsibility " for all contracts, debts and engagements " of the company. The repeal of the constitutional provision, effective January 1, 1936, did not impair liabilities already accrued (*Broderick* v. *Weinsier,* 278 N. Y. 419); nor could any impairment

result from the contingent abolition of the statutory liability resulting from section 113-b of the Banking Law.

Westchester Title & Trust Company was formed in 1922 through the merger, pursuant to what was then section 179 of the Insurance Law, of a title insurance and mortgage guaranty corporation with a trust company. Thereafter it performed both functions continuously until 1933. In February of that year the corporation made a cash sale of a substantial part of its assets to a syndicate of banks, and with the proceeds paid all its banking creditors in full. It thereupon terminated its business as a trust company but continued as a title insurance and mortgage guaranty corporation. In August, 1933, the Superintendent of Insurance took possession of the company for rehabilitation, pursuant to an order of the Supreme Court, and in June, 1935, the Superintendent was directed by the court to liquidate the corporation.

The defendants moved to dismiss the complaint on two grounds: (1) That it fails to state facts sufficient to constitute a cause of action; (2) that the plaintiffs are without legal capacity to sue. The motion was granted on the first ground, the Special Term holding in effect that under the Constitution and the statute the stockholders are individually liable only for such debts and obligations as were incurred by the corporation in its capacity as a bank. With that conclusion we are constrained to disagree. The language of the Constitution permits of no such limitation, nor does the language of the statute. It cannot be doubted that this was a corporation " for banking purposes." It was empowered to, and did in fact, engage in the business of banking, and its character as such was not altered by the fact that it also possessed and exercised non-banking powers. (*Skinner* v. *Schwab*, 188 App. Div. 457; affd., 229 N. Y. 549.) It was, therefore, a corporation of the kind described in the former section 7 of article VIII of the Constitution. The stockholders of every such corporation were declared individually responsible " for all its debts and liabilities of every kind." This language must be given " its natural meaning, without inquiring whether private interests may not be prejudiced by such a sweeping mandate." (*Matter of Lee & Co.'s Bank*, 21 N. Y. 9, 12.) Its object was to furnish additional security, not to some of the corporate creditors, but to all. (*Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166, 179.) The provision is not ambiguous, and may not be altered by invoking rules of construction which furnish a guide when ambiguity appears. Thus the debates in the Constitutional Convention of 1846 may not be resorted to for the purpose of construing the enactment contrary to its plain terms. (*Woollcott* v. *Shubert*, 217 N. Y. 212.) What has been said of the

constitutional provision applies with equal force to the statute. We are not at liberty to say that the term "all contracts, debts and engagements" excludes some portion of the corporate obligations.

Relevant authorities in other jurisdictions are not controlling. We cannot acquiesce in the reasoning which led the court to conclude in *Kiggins* v. *Munday* (19 Wash. 233; 52 P. 855) that the guaranteed mortgage creditors of such a corporation have no rights, under similar constitutional and statutory provisions, against the stockholders. In no other case called to our attention was the present question directly presented, although there are authorities in support of the general proposition that such provisions are for the protection of all creditors alike. (*Flynn* v. *American Banking & Trust Co.*, 104 Me. 141; 69 A. 771; *Klotz* v. *First Nat. Bank of Hammond*, 78 Ind. App. 679; 134 N. E. 220.) That the law was intended to benefit all the creditors has been held in New York (*Hirshfeld* v. *Fitzgerald, supra*), and such domestic authority furnishes a safer guide than the opinions cited from other States.

It has been urged that if the stockholders of this corporation are liable to the mortgage creditors, the latter are in a better position than similar creditors of other mortgage companies not engaged in the banking business. On the other hand, if the stockholders are not liable, then these mortgage creditors are in a relatively worse position than those who dealt with other companies, because the assets of their company were subject to diversion into the hands of the deposit-creditors in satisfaction of more imperative demands. To some degree at least that very thing occurred here. Nor should the fact be overlooked that if the stockholders of such a corporation are liable only to the banking creditors, the directors (who must also be stockholders) have been supplied by law with a selfish motive for subordinating the interests of other creditors in their handling of the bank's assets, for by doing so they protect themselves from personal liability. We do not intend to say that the directors in this case were motivated by selfish considerations in selling the corporate assets. The record indicates that their object was to prevent a disastrous run on the bank. We do say, however, that an interpretation of the law which might create such a motive should be reached with great caution.

We are also of the opinion that the creditors have a remedy under section 113-a of the Banking Law. The statutory remedy is the exclusive method of enforcing the constitutional and statutory liability. (*Broderick* v. *Weinsier, supra*.) Primarily the right of action is vested in the Superintendent of Banks. But the statute also grants a remedy to creditors upon the occurrence of certain

conditions precedent. Any creditor may institute the action provided (1) the Superintendent of Banks, having taken possession, fails or refuses to do so upon demand, and (2) the creditor holds an unsatisfied judgment against the corporation. Here the performance of both conditions was impossible. No creditor could demand that the Superintendent of Banks commence the action because he was not in possession, and that official could not obtain possession because the Superintendent of Insurance had already taken over the corporation and its business under a Supreme Court order. Nor could any creditor obtain judgment against the corporation because all creditors' actions were enjoined by the court in the rehabilitation and liquidation proceedings. Performance of both conditions being impossible, the creditors are entitled to maintain the action under the statute without such performance. (*Hirshfeld* v. *Bopp*, 145 N. Y. 84.) This reasoning would not apply to the Superintendent of Insurance, but we agree with the opinion expressed at Special Term in *Matter of Westchester Title & Trust Co.* (170 Misc. 860) that he is at least a proper party.

The order and judgment should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, and with leave to defendants to answer within twenty days after the entry of the order hereon.

LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and CLOSE, JJ., concur.

Order granting respondents' motion to dismiss the complaint and judgment entered thereon reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendants to answer within twenty days after entry of the order hereon.