### ELLIOTT et al. v. TRISLER.

No. 6519—Opinion Filed Sept. 18, 1917.

(167 Pac. 755.)

**1. Dedication—Requisites—Owner of Fee.**

The dedication of a public highway is for the use of the general public, and when not established by official authority must be made by the owner of the fee, or by some one by him expressly authorized.

**2. Same—Injunction—Evidence.**

In an action for an injunction against the landowner to restrain him from closing a road extending over or across his land, and the evidence fails to show a dedication, either by the defendant or by some former owner, or by some one expressly authorized, or by official authority, a judgment for the plaintiff must be reversed because it is not supported by the evidence and is contrary to law.

(Syllabus by Galbraith, C. )

Error from District Court, Ellis County; G. A. Brown, Judge.

Action by Charles T. Trisler against S. J. Elliott and others. Judgment for the plaintiff, and defendants bring error. Reversed and remanded.

C. B. Leedy, for plaintiffs in error.

Charles Swindall, for defendant in error.

Opinion by GALBRAITH, C. This action against the landowner for an injunction to restrain him from closing a road, extending over his land along the half section line, that was alleged to be a public highway. The court granted a temporary restraining order, and after a hearing made the same perpetual, based upon the finding that there had been a dedication of the highway and an acceptance and use of it by the public. The defendants below have prosecuted an appeal to this court.

The pertinent facts are as follows: The defendant in error settled upon a quarter section of public land, in section 30, township 22 north, range 24 west, now in Ellis county, Okla., in the year 1900. He made final proof and received patent from the government in the year 1907; that a public highway is established and maintained on the section line around the said section 30, and Trisler's land extends to the section line on the west, and his house is located on the east end of his land, near the center of the section. It was more convenient for Trisler to travel the half section line to the highway along the section to the north than to go out over his land to the highway along the section line on the west; that he and other people were accustomed to use the road on the half section line to the north; that prior to the time the lands were inclosed by fences there was one or more roads or trails running across section 30 from the south and east in a northwesterly course; that in the year 1907 Axie Brown settled upon the 80 acres lying to the north of Trisler, and she consented that Trisler and others might use the way along the half section line to the north, but she did not prove up on the land or obtain title to it, and she was succeeded on the land by Catherine McGinn; that Mrs. McGinn homesteaded the land and made final proof in the year 1911; that shortly after Mrs. McGinn proved up on the land she sold it to the Elliotts, the plaintiffs in error; that while Mrs. McGinn owned the land her son, William McGinn, lived with her and worked on the farm for her, and he agreed with Trisler that they would establish a road along the half section line that had been used by Trisler and others for some years prior to that time, and William built a fence along the line and put in two gates, one on the north section line and one down near the line between Mrs.

McGinn's land and Trisler's. The road was used by Trisler and other neighborhood people until in April. 1914 when Elliott forbade its use as a highway, and Trisler brought this action to restrain them from closing up the road.

The court found that Catherine McGinn dedicated a strip of land 30 feet in width lying and situate along this half section line to the public as and for a public highway, long prior to the time the defendant S. J. Elliott purchased said tract of land, and that he purchased the same with full notice and knowledge of said dedication. It is complained that the finding and judgment and decree are not supported by the evidence, and are contrary to the law.

Trisler testified that Axie Brown dedicated the road in 1907, but he does not testify as to what she did that constituted a dedication of this road. The record shows that she never acquired title to the land, and therefore had no right to dedicate it to the public. The general rule is stated as follows:

"It is essential to a valid dedication that it be made by the owner of the fee, or at least with his consent. Nor can an agent dedicate without authority from his principal, and a fortiori, a trespasser's acts are ineffective to bind the owner. It is quite immaterial that a stranger perform acts in respect to land which might amount to a dedication of it if he were the owner. Such acts cannot affect the owner unless done with his consent or authority. One can no more dedicate another's land than he can convey it by deed." 8 R. C. L. 885.

The court found that Catherine McGinn dedicated the road. There is not a particle of evidence that shows any act or word or deed of Catherine McGinn looking to the dedication of this road, or that showed an intention to do so, other than the acquiescence in the act of her son in erecting the fence back from the half section line. This is not sufficient. Trisler testified that the son, William McGinn, agreed with him that the road might be established, but William did not own the land, and it does not appear from the record that he had any authority to act for Mrs. McGinn, the owner of the land, in dedicating this highway, if he did dedicate it or attempt to do so. The fact that he put in gates with this fence would seem to negative an intent on his part to make a dedication to the public. The evidence does not show that the road was under the control or treated or recognized by the road officials of the township as a public highway. It does show the use of the road for a number of years by Trisler and a few

of the people living in that neighborhood, but it absolutely fails to show a dedication, a giving of the road to the public to use and occupy the land as a highway by any one who had title to the land and a right to make the dedication. There is no contention that there was an official dedication. Board of Commissioners of Woodward County v. Thyfault, 43 Okla. 82, 141 Pac. 409; White et al. v. Dowell. 49 Okla. 589, 153 Pac. 1140; Britton v. Morris, 59 Okla. 162, 158 Pac. 358.

We are therefore constrained to hold that there was no evidence to support the judgment, 'and that the same is contrary to the law, and that the judgment appealed from should be reversed, and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.