## COSDEN OIL & GAS. CO. v. HICKMAN et al.

No. 14224—Opinion Filed June 30, 1925.

Rehearing Denied Feb. 2, 1926.

(Syllabus.)

### Oil and Gas—Leased Premises Dedicated to Town Site—Right of Lessee to Object.

Where a tract of land has been leased for oil and gas purposes, and the lessor subsequently conveys the surface rights to a third party, taking a mortgage against the land for a portion of the unpaid purchase price, and said third party plats the land into a town site with the consent of the lessor, the lessee cannot be heard to complain of the dedication of such plat. However, the lessee is not thereby deprived of any of his rights to prospect for, develop, and produce oil, gas, or other minerals thereon according to the terms of said lease, by reason of the platting of said land.

Error from District Court, Kay County; Claude Duval, Judge.

Action by Cosden Oil & Gas Company against Lemon D. Hickman et al. for injunction. Judgment for defendants, and plaintiff brings error. Affirmed.

J. Q. Louthan, J. C. Denton, J. H. Crocker, and R. H. Wills, for plaintiff in error.

L. A. Daniel, for defendants in error.

PHELPS, J. L. D. Hickman and his wife were the owners of a certain tract of 40 acres of land in Kay county, Okla., upon which they executed and delivered an oil and gas mining lease to the Gypsy Oil Company, which lease was afterwards assigned to and became the property of Cosden Oil & Gas Company. While said lease was still in full force and effect, L. D. Hickman and wife conveyed by warranty deed, subject to the lease, the land in question to Stuart McQuirk reserving, however, all oil, gas, and mineral rights, McQuirk giving Hickman a mortgage back for a portion of the purchase price. McQuirk then platted the land in question, together with other lands, into the town site of Hickman, dividing and dedicating the same into lots, blocks, streets, avenues, and alleys, and under arrangement between McQuirk and Hickman as the lots were sold a portion of the purchase price was paid to Hickman towards the satisfaction of his mortgage against the tract of land, and upon such payment Hickman released the mortgage in so far as it might affect the particular lot conveyed. The Cosden Oil & Gas Company then filed suit in the district court of Kay county, alleging that it desired to drill one or more wells upon the land in question under the terms of its lease, and that the platting of the same and selling the lots for town-site purposes interfered with its occupancy and development of the same under the terms of its lease, and prayed for a temporary injunction, and that upon hearing the same be made permanent. Due notice was served, and upon hearing the district court of Kay county denied the prayer of plaintiff's petition, and from such judgment and the court's order overruling motion for new trial plaintiff appeals to this court.

It is contended by plaintiff that the dedication of the land into lots, blocks, streets, avenues, and alleys of the town of Hickman was null and void for the reason that Hickman, the Gypsy Oil Company, and the Cosden Oil Company were not parties thereto nor participated therein, and that defendants have no right to establish a town upon the premises involved or to use said premises for town-site purposes. With this contention we cannot agree. Hickman holding a mortgage against the property. McQuirk, perhaps, would be prohibited from platting the land in question if to do so would conflict with the interest of Hickman, but the record discloses that an arrangement was entered into between Hickman and McQuirk whereby Hickman was to receive a part of the purchase price of each lot sold to be applied towards reducing the mortgage he held against the land and, therefore, did not object to the same being platted, and, in fact, consented thereto.

In Elliott v. Trisler, 66 Okla. 102, 167 Pac. 755, this court said:

"It is essential to a valid dedication that it be made by the owner of the fee, or at least with his consent."

Therefore, the only complaint that plaintiff could make is that it would interfere with his development and operation of the property for oil and gas purposes, and as the land was sold by Hickman to McQuirk, subject to the defendant's oil and gas lease, when the plat was made and filed by McQuirk the land was still subject to all the rights which plaintiff held under its oil and gas lease contract.

Apparently it is well settled in this jurisdiction that the lessee of lands under an oil and gas mining lease has the unquestioned right to go upon the land, prospect for, develop and produce oil thereon, and is entitled to use all of the surface reasonably necessary for that purpose. In the recent case of Mary Oil & Gas Co. v. Raines, 108 Okla. 222, 235 Pac. 1085, this court following the well-settled rule in that regard, said in the syllabus thereof:

"In an oil and gas lease the lessee is entitled to the possession of the land so leased to the extent reasonably necessary to perform the obligations imposed on him by the terms of the lease, and the annoyances caused by production of oil and gas under a lease providing for the use of the surface for that purpose, in the absence of negligence on the part of the lessee, do not constitute a nuisance, and, where the same is being operated in the ordinary way and all precautions customarily prevailing in the oil and gas industry are being used to protect the rights of the surface owners the incidental annoyances accompanying same offer no grounds for relief by injunction." Citing Sanders v. Davis, 79 Okla. 253, 192 Pac. 694; Rennie v. Red Star Oil Co., 78 Okla. 208, 190 Pac. 391; Squires v. Lafferty (W. Va. App.) 121 S. E. 90; Phillips v. Lawrence Vitrified Brick & Tile Co. (Kan.) 82 Pac. 787.

Therefore, since the dedication of the plat was inferior, subsequent and subject to the rights granted plaintiff under its oil and gas lease, the plaintiff would be at liberty to go upon the premises and develop the same under its lease regardless of the plat, so long as it used the usual and ordinary care prevailing in the industry in the protection of the rights of the surface owners. We have carefully examined the record in this case, and conclude that the district court committed no error in refusing to grant the temporary injunction. The judgment is therefore affirmed.

NICHOLSON, C. J., and HARRISON,

MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.