## MARLAND OIL CO. v. HUBBARD et al.

No. 22045.    June 26, 1934.

Robert R. Pruet and Wm. H. Zwick, for plaintiff in error.

T. J. Sargent and I. D. Ross, for defendants in error.

ANDREWS, J.  This is an appeal from a judgment of the district court of Kay county in favor of the defendants in error, as plaintiffs, against the plaintiff in error, as defendant. The cause was tried to a jury. The parties will be referred to as they appeared in the trial court.

The suit was to recover damages for injury to the plaintiffs' land alleged to have been caused by the negligence of the defendant in the operation of producing oil wells under a valid oil and gas lease thereon. In their amended petition the plaintiffs alleged:

"* * * That said defendants have at all times since about March 1, 1927, permitted said crude oil, salt water, and waste products to escape and flow over the surface of about 15 acres of the cultivated land on said premises.

"That they have during said time stored upon said land large quantities of salt water, base sediment and other waste products in ponds. And when the same became filled have opened the same and permitted said waste products to flow over the surface of the land.

"4.  Plaintiffs further stated that during the early spring of 1927, that by reason of the careless and negligent acts of the defendant, as aforesaid, that about 15 acres of said land was overflowed and covered with said pollutive substances, and that by reason thereof, the said percolated into and saturated the soil on said 15 acres, thereby greatly diminishing the fertility of said 15 acres, and partially permanently injuring the same for agricultural purposes."

The defendant's answer was a general denial of all of the allegations in the amended petition.

This action was not one to recover the reasonable value of the use of land in excess of that needed for development of the land for oil and gas purposes in the operation of the oil and gas wells and appliances thereunder, under the provisions of the oil and gas lease.

It does not involve the pollution of a stream or damage to live stock from drinking from such a stream. No claim is made as to damages to live stock.

The claim of the plaintiffs is for damage to land owned by them on which the defendant held a valid oil and gas mining lease.

The rule as to rights and obligations arising under an oil and gas lease is stated in Mills-Willingham, Law of Oil and Gas, section 163, page 252, as follows:

"The grant, or reservation, of the right to operate for oil and gas, carries with it, as

an incident, the right to the use of the premises to an extent reasonably necessary for that . purpose. Consequently, the damage to the soil, trees, or crops upon the land, which is incidental to and the result of such reasonable operations, is 'damnum absque injuria, and no recovery can be had therefor against the operator. The lessee, however, is liable for damages to the surface resulting from the negligent, as distinguished from reasonable, use. Most modern leases, however, provided that the lessee shall pay for all damages to the crops, etc."

—citing Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 P. 464, wherein this court said:

"While an oil and gas lease carries within its implications, if not within its expression, such rights as to the surface as may be necessarily incident to performance of the objects of the contract, yet it is well settled that the implications go no further, and that the holder of a mining or oil and gas lease must protect the surface of the ground in so far as such incident necessity does not exist."

See, also, Cosden Oil & Gas Co. v. Hickman et al., 114 Okla. 86, 243 P. 226; Sanders v. Davis, 79 Okla. 253, 192 P. 694, and Rennie v. Red Star Oil Co., 78 Okla. 208, 190 P. 391.

The claim of the plaintiffs is based on two theories: One, that the defendant was an insurer, under the provisions of section 11580, O. S. 1931, and the other, that the defendant was guilty of negligence in the operation of the wells and appliances.

There was no showing of negligence in the development of the leased premises. There was some testimony showing that oil, salt water, and refuse ran over and across the surface of certain portions of the cultivated land, but it was not shown that that portion of the land was not reasonably necessary for the development of the leased land for oil and gas purposes.

We do not agree with the contention of the plaintiffs that if the defendant permitted salt water, oil, and refuse to flow over the surface of their land in violation of the provisions of section 11580, supra, the defendant was negligent per se. Neither do we agree that the rule announced in Verland Oil & Gas Co. v. Walker, 100 Okla. 258, 229 P. 235, is controlling in this case.

Under the facts shown by the record in this case, the defendant was not an insurer, under the provisions of section 11580, supra, at least as to that portion of the leased land that was reasonably necessary for the development of the leased land for oil and gas purposes.

Another reason why the judgment of the trial court must be reversed is that the cause was submitted to the jury on the theory of permanent injury to real estate, when the evidence did not justify such an instruction. The record does not show a permanent injury to real estate. Carter Oil Co. et al. v. Kerley, 109 Okla. 69, 234 P. 737.

The judgment of the trial court is reversed and the cause is remanded, with directions to vacate the judgment and for further proceedings not inconsistent herewith.

CULLISON, V. C. J., and SWINDALL, BAYLESS, BUSBY, and WELCH. JJ., concur. RILEY, C. J., and McNEILL and OSBORN, JJ., dissent.