### RIDDLE v. GARNER et al.

No. 25014.   Nov. 12, 1935.

Rehearing Denied Dec. 17, 1935.

W. J. Hulsey, Lena Hulsey. and Vance & Bliss, for plaintiff in error.

Bruce L. Keenan, for defendants in error.

PER CURIAM.   This action was commenced in the district court of Cherokee county by Irene G. Riddle, as plaintiff, against Eldon Mill & Lumber Company, W. L. Garner, D. J. Garner, Oscar Deering, Mrs. O. C. Husted. and the Salvation Army, a corporation, as defendants, seeking to subject certain property of Eldon Mill & Lumber Company, W. L. Garner, and D. J. Garner to the satisfaction of a balance alleged to be due on a prior judgment held by the plaintiff against said defendants and to cancel certain assignments and liens and claims of the defendants Oscar Deering and Mrs. O. C. Husted against said properey and to require the Salvation Army to pay any sum due from it to the Garners to the plaintiff and for the appointment of receiver to take charge of the property pending the suit.

The essential allegations of the plaintiff's petition are that, in July, 1927, one J. B. Ridd'e obtained a judgment against the Garners and the Eldon Mill & Lumber Company for $2,000 with interest and costs; that subsequently $1,500 was paid on said judgment, and thereupon the judgment assigned) to the plaintiff herein; that the plaintiff had sought to have execution issued thereon, but by reason of claims of the defendants Deering and Husted the sheriff refused to make the levy without an indemnifying bond; that the plaintiff was unable to make said bond, wherefore she prays the cancellation of claims of said defendants. the subjection of said property to her judgment, and the appointment of a receiver during the pendency of this action.

The defendant Deering filed no answer and, permitted a default judgment to go against him. The Salvation Army does not appear to have been brought into the case. After various intermediate proceedings the defendant Mrs. O. C. Husted filed a separate answer, alleging that she was the owner of certain property named in the answer by reason of the purchase from the Garners and under a tax sale, and that she was in possession of the premises by tenant, and denied all the other allegations in the plaintiff's petition. The defendants W. L. and D. J. Garner filed joint amended answer, alleging in substance that they were doing business as the Eldon Mill & Lumber Company, and

admitted prior judgment in favor of J. B. Riddle, but asserted that the judgment had, been settled, paid off, and discharged prior to assignment to the plaintiff under a compromise and settlement between the said J. B. Riddle and said answering defendants, whereby the then holder of said judgment had agreed to accept and had been paid the sum of $1,500 in full settlement of said judgment, and for the release of said defendants therefrom; that the judgment was not released of record for the reason that the then holder desired to enforce collection of the balance against the surety on the supersedeas bond. Replies were filed, and upon the issue of settlement and payment the matter was tried to a jury. The verdict of the jury was in favor of the defendants, and the plaintiff appeals making 14 assignments of error in this court. Since the parties treated the action as a law action in the trial court, we will so treat it in this opinion. Ozark States Trust Co. v. Winkler, 84 Okla. 7, 202 P. 12.

Under the record presented before us, we are of the opinion that there is but one question to be decided, and that is whether there is an entire lack of evidence to support the verdict of the jury. The answer to this question necessitates a careful review of the record and all of the evidence in the case. It is conceded that J. B. Riddle had a judgment for $2,000, with interest and costs, as alleged in the plaintiff's petition, and that after payment of $1,500 thereon there remained a balance due under said judgment. The controverted question was whether a compromise and settlement had been executed between the said J. B. Riddle and the defendants prior to the assignment of said judgment to the plaintiff herein. The testimony of the defendants and their witnesses was to the effect that such an agreement had been made between the defendants and attorneys acting for the said J. B. Riddle, but there is no testimony in the record showing that the said J. B. Riddle ever authorized such settlement, nor was there any effort made to charge him personally therewith. Oscar Deering, as a witness for the defendants, testified in substance that he was present at a meeting in the office of Vance & Bliss, attorneys for Riddle, at the time an effort was being made to release an execution which had been issued in the original judgment; that he and the credit manager of another creditor of said defendants made some threats relative to instituting bankruptcy proceedings, and that an agreement was made between the attorneys for the plaintiff and said defendants whereby the Garners would pay $1,500, and that in the meantime the sheriff would act as receiver of the property until said sum was collected and paid, and the property would be returned to the defendants, and that it was his understanding that the payment of the $1,500 would release the Garners from further liability. He testified that he did not talk with Mr. Riddle and that Riddle was not present at the meeting, but that he understood that this agreement had been entered into by reason of a telephone conversation between Mr. Vance or Mr. Bliss and some one at McAlester, Okla.

The testimony of this witness as to what had happened outside of the office of Vance & Bliss was purely hearsay or conclusions of the witness, in so far as the settlement was concerned. W. L. Garner testified that he was present at the meeting in the office of Vance & Bliss, and that there were some telephone conversations had by either Mr. Bliss or Mr. Vance with someone at McAlester, and thereupon it was agreed that the judgment creditors would accept $1,500 in full settlement of the judgment; that at the time Messrs. Deering and Taylor were present representing other creditors, and that they were threatening bankruptcy against him and his codefendants, and that the possibility of such action and insolvency was a part of the consideration for the acceptance of the $1,500 in full payment of the judgment. D. J. Garner substantially corroborated the testimony of W. L. Garner.

One Jim Saunders, a deputy sheriff, testified that he was placed in charge of the property by the sheriff, was thereafter appointed receiver and remained in possession of the property for about 70 days, during which time he collected some money which was turned over to the sheriff and he was afterwards released as receiver. He further testified that he heard Mr. Vance or Mr. Bliss make some remark relative to obtaining the balance of the judgment out of a Mr. Kisner. It will be observed that there is no positive testimony in the record to the effect that J. B. Riddle, the owner of said judgment, ever agreed to accept the $1,500 settlement; the only testimony in this connection being that in a telephone conversation between Vance & Bliss with someone at McAlester, such settlement was authorized. J. B. Riddle testified that he never agreed to accept $1,500 in full settlement of the judgment, and that he never authorized such settlement, but that he had agreed to accept the payment of $1,500 on the judgment, and withdraw the execution at the time so as **to**

permit the defendants an opportunity to pay the balance.

C. F. Bliss, one of the attorneys for the plaintiff, testified that he was never authorized by Riddle to accept anything less than the full amount of the judgment in payment thereof, and that the agreement did not contemplate full settlement of the judgment on the payment of that amount. This testimony was corroborated by H. M. Vance, another attorney. Subsequently, in payment of the $1,500 W. L. Garner and D. J. Garner executed an assignment of an account due them from the Salvation Army wherein it is expressly stated as follows:

"It is also agreed that the amount due from the Salvation Army when collected by said J. B. Riddle shall be applied in part satisfaction of the judgment against W. L. Garner and D. J. Garner in the above-entitled cause; and that if, for any reason, the said sum is not paid by the said Salvation Army to the said J. B. Riddle, or his order, no credit shall be given on said judgment in favor of the said J. B. Riddle other than the amount actually collected under this assignment by the said J. B. Riddle.

"It is also understood that only the net amount collected by the said J. B. Riddle shall be credited on said judgment.

"It is also agreed that upon this assignment being duly executed upon the representations of the said W. L. Garner and D. J. Garner that said full sum of $1,116.58 is due them from the said Salvation Army, as aforesaid, the property of said W. L. Garner held under execution and in charge of the receiver shall be discharged from such execution and from the control of said receiver, subject to any executions hereafter issued for the satisfaction of said judgment."

And thereafter the sheriff returned the execution showing the collection of the sum of $381.12, which was credited on the judgment, and that the return thereof was subject to issuance of alias execution.

It is conceded by the parties that attorneys have no authority by reason of their employment to compromise or settle the judgment of their client for less than the amount due thereunder without express authority. This being true, there was an entire lack of evidence to support the verdict of the jury on the issues presented to them. As said by this court in Ingram v. Dunning, 60 Okla. 233, 159 P. 927:

"Section 5033, Rev. Laws, 1910, provides:

"'* * * The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes affecting materially the substantial rights of such party: * * *

"'6. That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law.'

"'A verdict based upon conjecture * * * should be set aside.' Spaulding Mfg. Co. v. Holiday, 32 Okla. 823, 124 P. 35.

"'Where there is no evidence reasonably tending to establish a material issue submitted to the jury under the instructions of the court, which the jury must have found in favor of the prevailing party in order to have returned the verdict returned, the verdict will be set aside.' Terry v. Creed, 28 Okla. 857, 115 P. 1022.

"'Where, on inspection of the record, it is apparent that the evidence does not reasonably sustain the verdict of the jury, the verdict will be set aside by this court.' Hassell v. Morgan et al., 27 Okla. 453, 112 P. 969.

"'Where there is an entire lack of evidence to sustain a material issue found by * * * the jury, this court will set aside the verdict and grant a new trial.' Puls v. Robt. Casey, 18 Okla. 142, 92 P. 388."

And, as we have likewise said in Midland Valley R. Co. v. Rupe, 87 Okla. 286, 210 P. 1038:

"A judgment must be based upon evidence reasonably tending to support the same, not upon conjecture, and such judgment founded upon proof of a mere possibi'ity will not be permitted to stand."

Since we have seen that in this case there was an entire lack of any competent evidence to support the verdict of the jury herein, this court is compelled to set it aside. Having reached the conclusion that we have, we deem it unnecessary to discuss any of the other propositions advanced by the respective parties.

Judgment reversed and remanded, with directions to enter judgment for plaintiff.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur. BAYLESS, WELCH, and CORN, JJ., absent.