## WESTERN STATES OIL CO. et al. v. BERKEY.

No. 28730.   Oct. 17, 1939.

Arthur H. Dolman, of Oklahoma City, for plaintiffs in error.

Sullivan G. Ashby, of Oklahoma City, for defendant in error.

PER CURIAM. This action was commenced in the court of common pleas of Oklahoma county by H. L. Berkey, doing business as the Parasol Company, against Western States Oil Company and T. B. Rucker and Ben F. Mehr, trustees, to recover the sum of $412.36 alleged to be due on the purchase price of certain goods, wares, and merchandise. The parties named above filed an answer in the form of a general denial and a plea of failure of consideration by reason of breach of implied warranty in the goods sold. The parties waived a jury and proceeded to try the cause to the court. When trial was partly completed, it developed that there were two organizations known as Western States Oil Company, one an express trust upon which

service had been had, and which had answered in the cause, and another which was a defunct corporation. The plaintiff thereupon sought and was granted permission to make said defunct corporation a party defendant to the action. Plaintiff then amended his petition so as to allege that he had sold the goods to both the defunct corporation and the express trust; that both of said organizations were under the same management, and that it was impossible to distinguish one from the other. The corporation and its trustees denied generally and specifically the allegations thus made, and further pleaded that the goods had been purchased by the trust estate and not by it, and that the corporation was in no manner liable therefor; that said goods had been used on the property which belonged exclusively to the trust estate and in which said corporation had no interest either actual or contingent.

The evidence produced at the trial and which was uncontroverted substantiated in every particular the contention thus raised by the corporate defendant. Motion of the corporate defendant to nonsuit plaintiff was denied, and the plaintiff was given judgment both against the trust estate and the defunct corporation for the entire amount claimed. The latter defendant has appealed the cause here. We will hereafter refer to the parties as they appeared in the trial court.

The sole issue presented for determination is whether, under the circumstances above outlined, the judgment against the defunct corporation was permissible and proper. The plaintiff admits that it was incumbent upon him to prove that Western States Oil Company, a defunct corporation, had either purchased the goods or was jointly interested with the express trust in such purchase, in order that he might be entitled to a judgment against said defunct corporation; and urges, since he could not directly prove such to be the fact, that the judgment of the trial court should be sustained either upon the theory that the trust and the corporation were joint adventurers, or else upon the inferences which might be drawn from the circumstances surrounding the transaction, that the purchase was made for the benefit of the corporation. While, as pointed out in the brief of the plaintiff, under certain circumstances a joint adventure between two or more parties may be implied from the acts and conduct of the parties (O. K. Boiler & Welding Co. v. Minnetonka Lumber Co., 103 Okla. 226, 229

P. 1045), such inference cannot be indulged in the face of positive testimony to the contrary and the absence of all evidence upon which to base such an inference. The evidence of the plaintiff, as well as that of the defendant, established as a positive fact that the goods in question were sold and delivered to be used on the property which belonged to the trust estate, and that in the sale of said goods the agent of the plaintiff was particular to ascertain on which property the goods would be used and was only incidentally interested in name and identity of the purchaser of such goods; and that no inquiry was made by him to ascertain the status of the purchaser as to whether it was a corporation or a trust, although the property to which the goods were delivered was in the name of the trust, and this fact could have been easily ascertained.

The evidence further shows that the only thing the two entities had in common was the fact that Mr. Mehr was the manager and a trustee of the trust estate and a director and secretary and treasurer of the corporation. Plaintiff fails to cite any authority to show that such relation is sufficient to establish a joint adventure, and we fail to find any such.

The evidence being uncontroverted and positive to the effect that the goods had been purchased and used by the trust estate on its property, and in which the corporation had no interest, destroys all inference that the corporation was in any manner benefited by such purchase, and all discussion of cases under which judgments have been sustained, based upon circumstantial evidence, are not in point.

Under the record here, the judgment against the defunct corporations rests on nothing more substantial than surmise, conjecture, and supposition. This court has repeatedly stated that such a judgment will not be permitted to stand. Midland Valley Ry. Co. v. Rupe, 87 Okla. 286, 210 P. 1038; Riddle v. Garner, 175 Okla. 325, 52 P.2d 837.

Plaintiff should have been nonsuited on motion of the defendant Western States Oil Company, a defunct corporation. The cause is reversed, with directions to enter a judgment in conformity with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, and DAVISON, JJ., concur.