BLACK GOLD PETROLEUM CO. v. HILL et al.

No. 29350. Oct. 1. 1940.

Rehearing Denied Jan. 7, 1941.

*108 P. 2d 784.*

W. L. Murphy, of Oklahoma City, for plaintiff in error.

Edward S. Cooper, of Los Angeles, Cal., for defendants in error.

HURST, J. Plaintiffs, F. P. Hill and Bessie Hill, brought this action against defendant, Black Gold Petroleum Company, to recover damages for breach of

contract. The case was tried by the court without the intervention of a jury, and judgment was for plaintiffs. Defendant appeals.

The pleadings of the parties, and the contract sued on, are set out in Hill et al. v. Black Gold Petroleum Co., 183 Okla. 468, 83 P. 2d 164, and need not be repeated here. The plaintiffs, along with some other lot owners, had leased their home lot to defendant for oil and gas purposes. For this lease they received a substantial consideration. After the lease was made, and before the well was drilled, defendant decided that in order to properly drill and operate the well it would be necessary to use a portion of the rear end of the lot of plaintiffs, together with the rear end of other lots adjacent to the one on which the well was located, and began negotiations with the owners of these lots to ascertain and settle for the amount of damages they would sustain by reason of such use. These negotiations were conducted by one Bates, who had represented the lot owners in negotiating the lease with defendant, and was interested in having the well commenced. He testified that he acted voluntarily, and was not employed by either side in negotiating the damage settlements. Plaintiffs agreed to accept $175 for their damages, and Bates by telephone communicated this fact to defendant's attorney, who thereupon prepared and caused to be executed by defendant the letter contract upon which this action is founded. It is set out in full in the former opinion. The particular paragraph on which plaintiffs now rely reads as follows:

"It is understood and agreed that after said well has been drilled that we will leave your premises in the same condition as at the present time save and except the foregoing and subject to reasonable use thereof in moving in and moving out drilling machinery and equipment."

After the well was completed, certain structures necessary to enable defendant to produce the oil were placed upon plaintiffs' premises.

The defendant contends that the word "drilled" was by mistake used instead of the word "abandoned." The evidence is in sharp conflict on this question. The defendant urges the defense of mistake, among other defenses, but it is our view that the defense of lack of consideration is decisive, and we will confine our discussion to that question.

The oil and gas lease executed by plaintiffs recited that the lessors, for the consideration therein stated, and the covenants and agreements therein contained, "have this day granted and leased and hereby grant, lease and let unto the lessee for the purpose of mining and operating for, and producing oil, gas and casinghead gas and gasoline from the hereinafter described premises and the sole and exclusive right to use the same for the purpose of mining, drilling and operating for, and producing oil and gas, casinghead gas and gasoline, laying pipe lines, building tanks, storing oil, building towers, rigs, derricks, slush pits, operating boilers, engines, stations, telephone lines and other structures and appliances to produce, save, take care of and manufacture any and/or all of such substances and for housing and boarding employees. * * *" Under the lease the defendant acquired the right to use such portion of plaintiffs' lot as was reasonably necessary to perform the obligations of the lease. Marland Oil Co. v. Hubbard, 168 Okla. 518, 34 P. 2d 278. That the obligation of the lessee, if oil was found in paying quantities on the leased premises, was to produce it, and to erect such tanks, pipe lines, engines, and other structures as might be reasonably necessary to properly produce and save the oil, plainly appears from the language of the lease above quoted. Therefore the right to use such part of the surface of the leased land as was reasonably necessary to the production and saving of the oil was a valuable right, as otherwise the lessee might be put to great trouble and expense in renting land upon which the necessary structures could be placed, and in many instances would be unable to operate properly or efficiently. This right

defendant bought and paid for when it acquired the lease.

The contention of plaintiffs, which was sustained by the trial court, is that by the paragraph above quoted defendant promised to relinquish upon the completion of the well this valuable right as to plaintiffs' property, which rendered it necessary for defendant to purchase such right over again by paying rental for the portion of plaintiffs' lot necessarily used in the operation of the well, and paying such additional damage as might be sustained by plaintiffs by such use, in order to properly operate the well. This the judgment required defendant to do. If this contention is correct, and the paragraph was not written as the result of a mistake, but represented the agreement between the parties, certainly there must have been some advantage to defendant, or prejudice to some valuable right of plaintiffs, to sustain an agreement so injurious to defendant. But the evidence conclusively negatives any such advantage to defendant or prejudice to plaintiffs. Plaintiffs do not contend that the taking and use of their land by defendant is not necessary to enable defendant to properly operate the well and save the oil and gas produced, or that the operations were negligently carried on. There is no evidence that such use is unnecessary, but all the evidence indicates that the use is necessary, and plaintiffs' petition recognizes this fact. Therefore, a contract or agreement to surrender this right and remove from plaintiffs' lot its necessary equipment must be supported by a consideration to make it enforceable by plaintiffs. Smith v. Minneapolis Threshing Mach. Co., 89 Okla. 156, 214 P. 178; 27 R. C. L. 910; 17 C. J. S. 422. It was not a contract contemplated in the original lease, and therefore was not supported by the consideration for the lease. State ex rel. v. City of Sapulpa, 58 Okla. 550, 160 P. 489. No money or other thing of value was received by defendant for the promise contained in the paragraph of the letter above set out. Neither was any benefit conferred upon it nor detriment suffered by plaintiffs by reason thereof. Plaintiffs cannot successfully contend that the promise was a part of the consideration for the settlement made for the loss and damage to their trees and shrubbery, as they were not entitled to damages therefor. Marland Oil Co. v. Hubbard, supra. Nor does the evidence support such a contention. Plaintiffs assert that the detriment suffered by defendant was a sufficient consideration. But the detriment, to be a consideration for a promise, must be a detriment to, or prejudice suffered by, the promisee. Section 9440, O. S. 1931, 15 O. S. A. § 106.

Consideration is an essential element of a valid contract. Section 9390, O. S. 1931, 15 O. S. A. § 2; Kinch v. Cole, 133 Okla. 255, 272 P. 1020; Gunn v. Fryberger, 71 Okla. 170, 176 P. 248; 13 C. J. 312.

While the writing imported consideration, and the burden was upon defendant to show the want or absence thereof, the evidence conclusively establishes that the promise, if not due to the error of defendant's attorney, was wholly gratuitous and unilateral, and therefore it was unenforceable.

Reversed, with directions to enter judgment for the defendant.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur. WELCH, V. C. J., and CORN and DANNER, JJ., absent.