**WILCOX OIL COMPANY, a Corporation,**
**Plaintiff in Error,**

**v.**

**G. E. LAWSON and Mildred Lawson,**
**Defendants in Error.**

**No. 37257.**

Supreme Court of Oklahoma.

Sept. 25, 1956.

caused by the wanton and negligent drilling of oil wells on their premises and in the digging of overlarge and unnecessary slush pits and tank holes, and the unnecessary dragging of the machinery over their field of alfalfa, and the establishment and use of unnecessary roads over said premises, all of which, under the first cause allegedly caused damages to plaintiffs' alfalfa field in the sum of $1312.50, and under the second cause the sum of $200 damages for loss of pasture, and the third cause, for exemplary damages in the sum of $1,000. Defendant answered denying liability.

Upon the issues thus joined, jury was waived and the cause tried to the court, resulting in a judgment in favor of plaintiffs for $797.50 on the first cause of action and $50 on the second cause of action.

Motion for a new trial was filed alleging that the judgment was contrary to the law and the evidence, and that the court erred in the assessment of the amount of recovery. The motion was overruled, resulting in this appeal.

Defendant, for reversal, incorporates its motion for a new trial in its petition in error, and alleges therein that the trial court erred in overruling the motion for a new trial.

As a counter-argument plaintiffs contend, inter alia, that since defendant admittedly failed to demur to the evidence or move for a directed verdict, it cannot now complain of the insufficiency of the evidence, even though the issue was raised in the motion for a new trial.

Frank E. Turner, Glenn R. Davis, Tulsa, for plaintiff in error.

Joe Young, Chandler, for defendants in error.

JOHNSON, Chief Justice.

Parties will be referred to as they appeared in the trial court.

The essential facts are that plaintiffs under three separate causes of action sued defendant for damages for the loss of alfalfa hay and pasture land allegedly

 Such argument is tenable in actions of legal cognizance tried to a jury. See McIver v. Katsiolis, 93 Okl. 49, 217 P. 422. For other cases see 2 Okl.Dig., Appeal and Error, But, in a law action tried to the court without a jury, as in the instant case, the question of the sufficiency of the evidence to support the judgment may be reviewed by this Court on appeal where a motion for a new trial was filed alleging the insufficiency of the evidence, and such motion was

overruled, although there was no demurrer to the evidence or request for judgment by the losing party. Pemberton v. Longmire, 194 Okl. 311, 151 P.2d 410. See 2 Okl.Dig., supra for other cases.

■ We next consider the pro and con arguments relative to the sufficiency of the evidence under the well-established rule of this court that in jury-waived law actions tried to the court, judgments rendered therein will not be reversed on appeal if there is any evidence reasonably tending to support the judgment. See Rain v. Balph, Okl., 293 P.2d 359, and cited cases.

■ It was stipulated that defendant's oil and gas lease was a valid and subsisting lease. The lease was not in evidence, but the defendant presumptively had the right and privilege to go on the land and do all those things necessary and incidental to the drilling of wells, including the right to the use of the surface. See Magnolia Petroleum Co. v. Howard, 182 Okl. 101, 77 P.2d 18, and cited cases. And where, as herein, no showing was made that the lease contained a provision that lessee would be liable for growing crops, the only basis for recovery of damages is proof of wanton or negligent destruction, or that damages were to portion of land not reasonably necessary for oil and gas development. Marland Oil Co. v. Hubbard, 168 Okl. 518, 34 P.2d 278.

In substance, the plaintiffs' material evidence germane to the issue of damages sustained is that plaintiff planted the alfalfa in September, 1951; that the seed produced a good stand of alfalfa, and that he harvested 317 bales of alfalfa hay (weighing approximately 65 or 70 pounds each) from the land in the year 1952; that defendant drilled an oil well on the land in January, 1953, damaging the crop; that his yield from the alfalfa crop in 1953 was 145 bales less than was harvested from the land in 1952; that he used all of the hay produced from the land. There was evidence of a drought in 1953, but no testimony was offered as to the effect of the drought. In fact, the plaintiff testified that alfalfa was a crop that had to have considerable moisture, and a statement as to the effect of the drought would be guess work.

Plaintiff further testified that the life of an alfalfa field, when properly cared for, was in the neighborhood of six or seven years; that in the life span of alfalfa, the first years are the most prolific, and the last years are usually the poorest. There was no evidence of the yield of other similar land in the same neighborhood, cultivated in the same manner.

Obviously, the only evidence of probable yield which the court could consider was the testimony that the alfalfa field produced less in 1953 than in 1952.

The plaintiff testified that alfalfa was selling for from $1.00 and $1.25 a bale, but there was no evidence that plaintiff's alfalfa hay was of similar quality, nor as to the time of the year or season of the year, whether in the winter time when the demand was great and the supply short, or at the time of harvest when the price is usually, as a matter of common knowledge, lower.

There was no evidence as to the cost of cultivation and transportation to market, etc. Plaintiff, however, did testify that it cost him 15 cents a bale to get the alfalfa baled, after he had mowed and raked it. This, in substance, is the evidence and circumstances upon which the judgment of $797.50 on the first cause of action was based.

Now, briefly considering the plaintiffs' second cause of action, plaintiff testified that his pasture or wooded area was damaged by digging unnecessary tank holes, etc., but there is no proof of the monetary value of such damage. A diligent search of the record fails to reveal any legal basis upon which the court could arrive at an award of $50 in damages, other than an arbitrary guess as to the amount of damage sustained.

■ Applying the rules hereinbefore stated, and those elementary rules of the

measure of damages hereinbefore alluded to in the résumé of the evidence, and lack of evidence, we conclude that the amount of damages under the first cause of action is excessive and speculative, as are the damages awarded under the second cause of action. We therefore conclude that the court erred in overruling defendant's motion for a new trial. The judgment is reversed and remanded for a new trial.

WILLIAMS, V. C. J., and HALLEY, JACKSON and CARLILE, JJ., concur.

DAVISON and BLACKBIRD, JJ., concur in result.

WELCH and CORN, JJ., dissent.