**CITIES SERVICE OIL COMPANY,**
Plaintiff in Error,

v.

**C. H. DACUS, Defendant in Error.**

No. 37806.

Supreme Court of Oklahoma.

April 29, 1958.

Rehearing Denied June 3, 1958.

Gentry Lee, Frank H. Bacon, L. L. Corn, Bartlesville, for plaintiff in error.

Sam J. Goodwin, Pauls Valley, for defendant in error.

DAVISON, Justice.

This action was commenced by the plaintiff, C. H. Dacus, as surface owner, against the defendant, Cities Service Oil Co., as oil and gas lessee, for recovery of the damages resulting from the use of more of the surface than was allegedly necessary, in the drilling of an oil well by defendant. The parties will be referred to as they appeared in the trial court.

The plaintiff purchased the surface only of a 27½ acre tract of land in McClain County, Oklahoma, which was a part of an eighty acres which had theretofore been leased to the defendant for oil and gas purposes. The defendant drilled an oil well thereon in the latter part of 1955. It was drilled to a depth of more than 11,000 feet and was located upon the tract owned by plaintiff. In May, 1956, plaintiff brought this action seeking recovery for damages done to his land by the defendant. Defendant answered, alleging that it used no more of the surface of the land than was reasonably necessary in said operation. Trial was had to a jury resulting in a verdict and judgment for plaintiff, from which this appeal has been perfected.

The only proposition here presented by the appellant is the asserted lack of evidence to support the verdict and judgment and error of the trial court in refusing to grant defendant's motion for an instructed verdict.

As pointed out in the case of Wilcox Oil Co. v. Lawson, Okl., 301 P.2d 686,

"The holder of a valid oil and gas lease has the right and privilege to go on the land and do all those things necessary and incidental to the drilling of wells, including the right to the use of the surface, and, in the absence of a provision that lessee would be liable for growing crops, the only basis for recovery of damages is proof of wanton or negligent destruction, or that damages were to portion of land not reasonably necessary for oil and gas development."

 The only basis for recovery of damages by the plaintiff herein is proof of wanton or negligent destruction, or that damages were to a portion of the land not reasonably necessary in the drilling of said well. Marland Oil Co. v. Hubbard, 168 Okl. 518, 34 P.2d 278. This last cited case held that the burden of making that proof rested upon the plaintiff. The holding was overruled in the case of Pure Oil Co. v. Chisholm, 181 Okl. 618, 75 P.2d 464 (see also Magnolia Petroleum Co. v. Howard, 182 Okl. 101, 77 P.2d 18) but only in so far as it applied to allowing salt water and refuse to flow over the surface of the land in violation of 52 O.S.1951 § 296. Otherwise, the rule is recognized in this jurisdiction, as was done in the Lawson case, supra.

In the case under consideration, in addition to roadway to the drilling site, the defendant used an irregularly shaped piece of ground of an area of 2.37 acres for drill rig, slush pit, reserve slush pit, pipe and tubing storage and other purposes incidental to the work being performed. The defendant's witnesses, who were experienced in drilling operations, testified that the amount of surface used was less than what was reasonably necessary and was also less than ordinarily used in connection with the drilling of other wells in the same general area which had been drilled to such a great depth. They explained how the limited space necessitated extra manipulation of the trucks carrying pipe and other equipment. Plaintiff, appearing as a witness in his own behalf, testified as to the measurements of the area used and also as to the damage which resulted. Plaintiff's other witness was a rancher and real estate broker handling leases and royalty interests. His testimony was to the effect that, computing the area used, from measurements made by him by stepping it off and from other measurements furnished to him,

he concluded that some 3⅓ acres had been occupied and used. Plaintiff's witness further testified that, from his observation, he estimated 1½ to 2 acres was used as a drill site for some of the other wells he had seen and, in one instance, an area of only one half acre had been used, exclusive of space for slush pits. The record contains no testimony that the defendant had used any more of the surface than was reasonably necessary for a prudent operator to drill an 11,000 foot well in the same vicinity.

The county surveyor appeared as a witness for defendant and testified that he had surveyed and platted the well site tract and that it contained 2.37 acres. He also testified that he had surveyed three other well sites in the area where wells of a similar type and depth had been drilled; that the average area used as a well site was 2.68 acres.

 Under its lease contract the defendant had the right to use as much of the surface as was reasonably necessary for the enjoyment of its leasehold mineral estate. Plaintiff had bought the surface knowing full well that it was so burdened. Therefore, his right to any recovery had to be predicated upon proof that the defendant used more land than it was entitled to use under the terms of the lease contract. The burden of making such proof rested upon plaintiff who in nowise discharged it. In the light of some of the expressions in the case of Denver Producing and Refining Co. v. Meeker, 199 Okl. 588, 188 P.2d 858, it is probable that the proof could have been supplied by witnesses who were not expert in the drilling of wells. Nevertheless, the record contains no testimony at all on the point.

Although a verdict of a jury will be sustained if there is any competent evidence to support it, this court has consistently held "that, if there is no evidence reasonably tending to establish a material issue submitted to the jury under the instructions of the court, which they must have found in favor of the prevailing party

in order to return the verdict returned, the verdict will be set aside." Terry v. Creed, 28 Okl. 857, 115 P. 1022, 1024; Riddle v. Garner, 175 Okl. 325, 52 P.2d 837; Bob Harper Finance Co. v. Lester, 206 Okl. 684, 246 P.2d 362. Those cases are here applicable.

The judgment is reversed and the cause remanded with directions to enter judgment for defendant.

CORN, V. C. J., and HALLEY, JOHNSON, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., concurs in result.

WILLIAMS and BLACKBIRD, JJ., dissent.