WILCOX OIL COMPANY, a corporation, Plaintiff in Error,

v.

G. E. LAWSON and Mildred Lawson, Defendants in Error.

No. 37909.

Supreme Court of Oklahoma.

July 14, 1959.

Glenn R. Davis and Frank E. Turner, Tulsa, for plaintiff in error.

Joe Young, Chandler, for defendants in error.

DAVISON, Chief Justice.

This is the second appeal of this case to this court. See Wilcox Oil Co. v. Lawson, Okl., 301 P.2d 686, 687, in which we reversed a judgment for the plaintiffs and remanded the cause for a new trial.

In this action the plaintiffs, G. E. Lawson and Mildred Lawson, husband and wife, owners of certain real estate, sought to recover damages from defendant, Wilcox Oil Company, a corporation, owner of an oil and gas lease upon said real estate, for damage to an alfalfa field and land arising from the drilling of two oil wells upon said land. The case was tried to a jury and resulted in a verdict and judgment for plaintiff and defendant has appealed.

Defendant contends plaintiff failed to prove a cause of action and that the verdict and judgment is based on incompetent evidence and is excessive and is contrary to the evidence, the law and the court's instructions.

Plaintiffs in their first cause of action alleged defendant drilled an oil well in January, 1953, in a four acre alfalfa field, and that said field, over its expected average life of 7 years, would be expected to produce a total of $2,625; that by the "wrongful and negligent" acts of the defendant in drilling the well, digging the pit and cellar, making roads and truck tracks, storing equipment and dragging same around, damaged the field to the extent of one-half in the production of hay and prayed judgment for $1312.50. In their second cause of action plaintiffs alleged that in January, 1953, defendant drilled a second well on an unfarmed area of the land and dug an excessively large slush pit, made unnecessary roads and cleared a tank site which was abandoned and a new tank site was cleared and that plaintiffs by reason thereof had been damaged by the "wilful, wrongful and negligent acts" in the sum of $200. Defendant answered by general denial.

In support of the first cause of action the evidence disclosed that plaintiffs prepared bottom land and planted the alfalfa

field in the fall of 1951 and during the harvest season of 1952 cut 313 bales of hay and that after the drilling of the well and in the harvest season of 1953 the field produced only 177 bales with a maximum market value of $1.50 per bale and with a cost outlay of 15¢ per bale for bailing; that the life span of alfalfa was "6–7 and 8 years"; that other fields of alfalfa on bottom land produced the same in 1953 as in 1952 although 1953 was drier; that plaintiffs owned only the surface and sold the lands in 1955; that no reseeding was done and there was no estimate of the cost of reseeding or of rental value for period of restoration; that equipment was stacked on and dragged across the alfalfa.

The oil and gas lease under which defendant drilled the wells was introduced in evidence over the objection of defendant and contained provision for payment of damages to growing crops caused by lessee's operations and reflected it was given by a prior owner. The evidence in support of the second cause of action was substantially in accord with the allegations of the petition.

The evidence of defendant was to the effect the wells were drilled in a careful and prudent manner and the area used was reasonable and that the area used for this purpose in drilling the well in the first cause of action was a quarter of an acre and that the slush pit was filled.

The court after giving a condensed statement of the pleadings instructed the jury as to the burden of proof and the rights of defendant under its oil and gas lease to use so much of the surface of the land as necessary and essential to its operations and required a finding that the damage was "wanton, wilful, or negligently incurred, or that more of the surface of the land was used than was reasonably necessary or prudent" before plaintiff could recover. The court instructed the measure of damages on the first cause of action was the market value of probable yield of the unmatured crop, less cost of cultivation and harvesting and transporting to market, plus cost of reseeding and rental value of land for period reasonably necessary to restore the crop. The court instructed the measure of damages on the second cause of action was the difference in the value of the portion of land before and after the alleged excessive use thereof by defendant. The defendant did not object to the instructions.

The jury returned a verdict for plaintiffs on the first cause of action for $550, and on the second cause of action for $75.

The plaintiffs by their petition and the court by its instructions limited the damages sought to those damages caused by excessive and unnecessary use of the land and the wilful, wanton, wrongful and negligent acts of defendant. The action was in tort and did not include the contractual liability of defendant under the terms of the oil and gas lease. We will accordingly confine our opinion to such damages as were claimed by plaintiffs. In this situation and in view of defendant's objection the lease as evidence amounted to proof of defendant's legal right and privilege to use the surface to do those things necessary and incidental to drill the oil wells and was not evidence of any contractual liability. The court in its instructions in effect so advised the jury.

We will first dispose of this appeal insofar as it concerns the first cause of action.

In the decision on the first appeal, Wilcox Oil Co. v. Lawson, supra, we said:

"The holder of a valid oil and gas lease has the right and privilege to go on the land and do all those things necessary and incidental to the drilling of wells, including the right to the use of the surface, and in the absence of a provision that lessee would be liable for growing crops, the only basis for recovery of damages is proof of wanton or negligent destruction, or that damages were to portion of land not reasonably necessary for oil and gas development."

This statement of law is still applicable for, as explained above, plaintiffs sought no damages under the contractual provisions of the lease.

In Chicago, R. I. & P. R. Co. v. Turner, 206 Okl. 340, 243 P.2d 673, 674, a field of alfalfa including roots was totally destroyed and the situation there presented to this court was in some respects similar to that presented in the instant case. Therein we stated the rule for the proper measure of damages to be applied in cases of loss arising from destruction of perennial crops, to be:

"The measure of damages for the destruction of a perennial crop together with its roots, such as an alfalfa crop, where the crop may be readily restored by reseeding is the value of any matured crop destroyed, plus cost of reseeding and the rental value of the land for such time as is reasonably necessary to restore the crop."

In the cited case the court's instructions did not follow the rule of measure of damages above stated but the evidence introduced at the trial furnished proof of facts supporting in large part the elements of damage under the correct rules of damages. In view of such facts this court found there was error in the assessment of damages and stated:

"* * *. In such circumstances error in assessment of damages which affects only the amount of the verdict, the amount attributable to the error being subject to calculation is harmless error and may be corrected by remittitur of the excess amount."

In the case of Garrett v. Haworth, 183 Okl. 569, 83 P.2d 822, 823, the plaintiff sought to recover among other things damages to growing crops, including partial damage to an alfalfa field, caused by flooding by reason of defendant diverting and damming a water course. Therein we found the jury was warranted in finding for the plaintiff but that the jury under the law and evidence had erred in the assessment of damages and required a remittitur.

We stated the rule of measure of damages to be as follows:

"In an action for damages for injury to growing crops, the measure of damages is the value of the unmatured crops at the time of the injury. In arriving at such value, it is proper to show by evidence the probable yield under proper cultivation, and the value of such probable yield when matured, gathered, prepared, and ready for sale; also the probable cost of proper cultivation necessary to mature the crop, as well as the cost of gathering, preparation, and transportation to market. The difference between such probable value in the market and the cost of finishing the cultivation, and gathering, preparing and transportation to market, will represent the value at the time of loss."

In the case now before us for decision the jury resolved the question of negligence in favor of the plaintiffs. Under the evidence and the court's instructions there is no method of computation by which the jury could have arrived at the figure of $550 as being the amount of damages plaintiffs were entitled to recover on their first cause of action. The jury may have been influenced by the testimony as to the life span of alfalfa. This testimony was not competent and was objected to by defendant. Plaintiffs offered no evidence concerning the cost of reseeding, or the time necessary to restore the crop, or the reasonable rental value for such period. The plaintiff, G. E. Lawson, testified he performed all work except the baling which he hired done at a cost of 15¢ per bale. The plaintiffs' own evidence was that the loss amounted to 136 bales and at $1.50 per bale amounted to a monetary loss of $204. From this amount must be deducted the cost of baling in the sum of $20.40 and the loss caused by the reduction in producing area occasioned by the drill site (1/16 of the alfalfa field) for which no recovery was sought, in the amount of $12.75, resulting in a net loss of $170.85. The jury could not properly have arrived at a verdict

greater than $170.85 on the first cause of action. The jury's verdict on the first cause of action was $550 and is excessive by $379.-15. Under the evidence such excess is subject to accurate calculation and may be corrected by remittitur of the excess amount. Chicago, R. I. & P. R. Co. v. Turner, supra.

From examination of the record we find no fault with the verdict and judgment in favor of plaintiffs for $75 on the second cause of action as the same is reasonably supported by competent evidence.

Judgment affirmed on condition that within 10 days after receipt of mandate plaintiffs file remittitur of $379.15, otherwise, reversed and remanded for new trial.